FRANCES A. CRAIG

*v.*

JAMES R. CRAIG *et al.*

*Filed at Springfield November 10, 1896.*

1. APPEALS AND ERRORS—*appeal from order modifying alimony— what is involved.* An appeal allowed and taken specifically from a decree modifying a previous allowance of alimony in a case of divorce does not bring before the Appellate Court the correctness of the decree of divorce or of the original order allowing alimony.

2. SAME—*when exclusion of evidence is not shown to be error.* An assignment of error based on exclusion of testimony is not sustained where it does not appear what, if any, testimony was offered, or that the same was material to the issue before the court.

3. ALIMONY—*how decree for alimony may be modified.* A decree for alimony may be modified as to prospective payments without the filing of a formal petition for that purpose, though the usual method is by petition.

4. SAME—*decree may be modified on beneficiaries' petition.* Modification of a decree affecting prospective alimony may be made under a petition by the beneficiary in the decree asking assistance in the collection of payments past due, where the court, upon the hearing, finds such changes in the circumstances as to warrant it.

5. SAME—*effect of being in contempt of decree—modification.* While it might not be error for a court to deny a formal petition to reduce alimony by one standing in contempt of the decree by reason of failure to pay as directed, yet it is not a rule that the court must do so, or that for that reason the court cannot modify the decree as to future payments favorably to the party in default.

6. SAME—*when decree for alimony is not reversible.* A court of review will not disturb a decree disposing of a matter of alimony unless it is manifest that injustice and injury have been done.

7. SAME—*when past due under decree, alimony is a vested right.* Alimony past due under a decree is a vested debt, and cannot be set aside or times of payment changed by a subsequent order of court.

8. SAME—*undue alimony is contingent·on continued life of the parties.* The accruing of future installments of alimony under a decree is contingent on the continued life of the parties, and will cease at the death of either, unless the decree provides unequivocally to the contrary.

*Craig* v. *Craig,* 64 Ill. App. 48, reversed in part.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

FRANK R. HENDERSON, and EZRA M. PRINCE, for plaintiff in error:

Alimony is a purely statutory remedy. The statute provides that alimony can only be modified or changed on "application." Starr & Curtis' Stat. chap. 40, sec. 18.

The application will be denied unless based on causes, that have intervened since the decree sought to be modified. *Cole* v. *Cole,* 142 Ill. 19; 2 Bishop on Marriage and Divorce, 449.

The petition to modify must show, on its face, sufficient grounds accruing since the decree to justify the modification. *Cole* v. *Cole,* 142 Ill. 29.

The record shows that defendants were in contempt of the court in not paying the alimony as it accrued, and while in contempt they cannot ask relief from the decree. *Cole* v. *Cole,* 142 Ill. 30; *Wightman* v. *Wightman,* 45 id. 173; *O'Callaghan* v. *O'Callaghan,* 69 id. 552.

The original decree for alimony was reasonable, considering the condition of the parties and the necessities of the wife and children. *Cole* v. *Cole,* 142 Ill. 26; *Draper* v. *Draper,* 61 id. 369; *Foote* v. *Foote,* 22 id. 428; *Lane* v. *Lane,* 22 Ill. App. 529.

CHARLES M. PEIRCE, and JAMES S. NEVILLE, guardian *ad litem,* for defendants in error:

We are entitled to have the entire cause considered in this case. The court having jurisdiction of the parties and subject matter has jurisdiction for all purposes. *Pratt* v. *Kendig,* 128 Ill. 293; *Robinson* v. *Appleton,* 124 id. 276; *Mitchell* v. *Short,* 113 id. 251.

The court cannot decree a sale of the realty of the defendant in divorce proceedings for the satisfaction of alimony. *Keating* v. *Keating,* 48 Ill. 241; *Von Glahn* v. *Von-Glahn,* 46 id. 134; *Raymond* v. *Raymond,* 12 Ill. App. 172; *Wilson* v. *Wilson,* 102 Ill. 297.

Mr. JUSTICE BAKER delivered the opinion of the court:

At the February, 1890, term of the McLean circuit court the plaintiff in error, Frances A. Craig, obtained a divorce *a vinculo matrimonii* from her husband, James R. Craig, and she was awarded the custody of their two infant children, and the question of alimony was reserved for further hearing and consideration, and by leave of court the bill of complaint was amended and Dellie J. Kibbie, William Kibbie and Robert H. Craig made parties defendant upon said question of alimony. In a further decree entered on March 27, 1891, the court found that a certain conveyance of a tract of land containing eighty acres was in fraud of the marital rights of plaintiff in

error; that the rights of the Kibbies and of Robert H. Craig, as well as the rights of James R. Craig, the husband, were subject to said marital rights. Permanent alimony, amounting to $208 a year, was decreed to her, and the decree made a lien on the land prior to any homestead right of the said James R. Craig. On a subsequent bill or petition filed on January 14, 1892, by Frances A. Craig, a decree was entered on May 31, 1892, correcting a mistake in the description of said eighty acres of land, finding there was $338.90 of alimony due her to June 1, 1892; decreeing that from and after June 1, 1892, the alimony should be reduced to $100 per year, payable in quarterly installments of $25 each, "until the further order of this court, as permanent alimony;" making alimony a lien on the eighty acres prior to homestead and other rights of all the defendants, and directing the master in chancery to sell, from time to time, in case of default of payment, and to first exhaust the life estate of James R. Craig before selling any of the remainder of the premises.

On September 10, 1894, plaintiff in error filed in court her petition, showing that there was due and unpaid to her under the decree seven quarterly installments of alimony, amounting to $175, together with interest thereon; further showing that the life estate of James R. Craig had already been sold, and praying that so much of the remainder of the premises be sold as is necessary to pay that amount, with costs. At the hearing had upon this latter petition, the court, on December 11, 1894, ordered, adjudged and decreed "that the said James R. Craig pay to the said Frances A. Craig, in full of all alimony due or to become due under said bill and decree, the sum of $200; that the same be paid in quarterly installments of $25 each, the first of which shall be paid on or before January 1, 1895, and $25 on the first of April, 1895, and $25 the first of July, and $25 on the first of October, 1895, on the first of January, 1896, on the first of April, 1896, on the first of July, 1896, and on the first of October, 1896;

that unless said alimony be paid within ten days after
the same or any part thereof becomes due under this
decree, the said complainant have such execution there-
for as she may desire, directing the sheriff to sell suffi-
cient of the premises described in the decree, subject to
the life estate of James R. Craig, to satisfy such execu-
tion." And it was further ordered, adjudged and decreed
by the court, "that on and after the aforesaid payments
shall become due and payable the alimony in this case
shall cease, and that there shall be nothing more paid
under said original decree than the above mentioned pay-
ments, meaning hereby to make this a final allowance
for alimony in this case until the further order of this
court, and that the original decree in this case be and
the same is modified as herein provided." Plaintiff in
error excepted to this decree, and prayed and was allowed
an appeal therefrom to the Appellate Court, and in that
court the decree was affirmed and this writ of error then
sued out.

The appeal allowed and taken to the Appellate Court
was, specifically, from the decree rendered on December
11, 1894, modifying and changing the decree for alimony
that had been rendered in favor of said Frances A. Craig
at a former term of the court, and the writ of error to the
Appellate Court brings before us for review that decree,
and that only. It follows that the numerous assignments
of cross-error, questioning the decree for divorce, the de-
cree for the custody of the children, the original decree
for alimony, that the eighty acres of land were subject
to the marital rights of plaintiff in error, the decree for
the sale of the life estate of James R. Craig, etc., must
be ignored. For that matter, neither the original bill
upon which the divorce was granted, nor the amended
bill upon which the decree of March 27, 1891, was based,
is in the record that is before us, further than as they
appear as instruments of evidence in the report of the
master made in the matter of the bill of January 14, 1892.

It is assigned as error by the plaintiff in error that the court modified the decree for alimony without a petition so to do, and when the defendant was in contempt for non-payment of alimony, and without hearing any evidence. The statute (chap. 40, sec. 18,) provides that where a divorce has been decreed, the court may, on application, from time to time, make such alterations in the allowance of alimony and maintenance, and the care, custody and support of the children, as shall seem reasonable and proper. The statute does not prescribe in what manner the application for alterations in the decree shall be made. Ordinarily it would be by petition, reasonable notice of which had been served upon the opposite party. It is not, however, indispensable that there should be a formal application therefor by petition. Upon a petition of the beneficiary under the decree for the equitable assistance of the court in the collection of alimony, the whole subject matter of such alimony is sufficiently submitted to the court to authorize it to make changes in regard to prospective alimony, if it finds that the circumstances of the parties and the nature of the case have so changed as that there should be some modification in the decree for alimony in order to make it fit, reasonable and just. It is true that here the defendant was in contempt of court in not paying the installments of alimony in conformity with the requirements of the decree. (*Wightman* v. *Wightman*, 45 Ill. 167; *O'Callaghan* v. *O'Callaghan*, 69 id. 552.) It may well be that for that reason it would not have been error, even if there had been a formal petition and application for a reduction of alimony, to have denied such application on that ground alone, and especially in the absence of any showing of pecuniary inability. In *Cole* v. *Cole*, 142 Ill. 19, it was said of the appellant that he did not come into court with clean hands, and would not be permitted to ask relief from a decree of which he was in contempt, and that before he should be permitted to be heard he should be required to comply

with the order of the court up to the time of his application. But what was there said had reference only to the facts of that case, and did not announce a general rule that would govern all cases of applications for reduction of alimony. If the existence of accrued and unpaid alimony should be held to absolutely prevent the court from altering, reducing or altogether abrogating future installments of alimony, then it would result that in cases of pecuniary inability of the defendant to pay and discharge all arrearages of alimony the court would be powerless to grant relief as to future and further alimony, no matter what the changed condition of the parties or the property or how loudly the facts and circumstances might call for the equitable intervention of the court. The hands of a court of equity are not thus bound.

The claim that the court erred in modifying the decree without hearing any evidence additional to that already in the record lying open before it, is without merit. It affirmatively appears from the record that at the hearing upon the petition the court heard and considered all the matters appearing of record in the cause,— and this, of course, included those portions of the record showing the sale and conveyance of the life estate of the husband in satisfaction of alimony, and the fact that the purchaser of the same was, and for a long time had been, in possession and control of the premises and in the enjoyment of all the rents, issues and profits thereof, he having gained such possession by means of a writ of possession awarded by the court. In view of this and the other evidence found in that record we are unable to say that the order of the court that alimony should cease from and after October 1, 1896, was erroneous. It is manifest that if the installments of alimony continued to accrue it would result in no benefit to plaintiff in error, and would deprive Dellie J. Kibbie and Robert H. Craig, the infant defendants in error, of their estate of inheritance in the land. It seems such results would neces-

sarily follow from the conditions of the several estates in the land. A court of equity should, if possible, avoid a conclusion which would destroy the estate of one party without any corresponding benefit to the other party. Besides this, it is well settled a court of review will not disturb a decree disposing of a matter of alimony unless it is manifest that injustice and injury have been done.

Another of the assignments of error is, that the court, at the hearing, refused to hear any evidence on the part of plaintiff in error. It does not appear what, if any, testimony she offered to introduce or that the same was material upon any issue before the court. In the absence of any showing to the contrary, the conclusion must be that the oral evidence which the court refused to hear was either incompetent or immaterial, and that its exclusion worked no injury.

There is, however, one claim of error that is well made. This claim is, that it was error to refuse to enforce the payment of alimony already due by virtue of the decree, and to enter an order which canceled such alimony. The petition showed that seven installments of alimony, amounting to $175, had accrued to plaintiff in error under the provisions of the decree and were due and unpaid. The substantial effect of the order and decree entered was to cancel and set aside this accrued and past due alimony, and to make provision for $200 of alimony to accrue in the future, in quarterly installments of $25 each, the first of them to be paid on the first day of January following the date of such order and decree. It was, of course, a matter of uncertainty whether any, or some only, or all, of these eight installments of alimony would ever become due to plaintiff in error. The accruing of each and every of them was contingent upon the continued life of both the parties, for the general rule is, that alimony will not accrue after the death of either party. Alimony decreed upon the dissolution of a marriage, if payable in installments, is, unless other-

wise specially provided, an allowance for the support of the beneficiary during the joint lives of herself and her divorced husband. The duty of support ends with the death of the beneficiary. (*Stillman* v. *Stillman*, 99 Ill. 196.) And unless it appears, unequivocally, that the intention was to bind the heir by the decree, its life terminates with the life of the defendant. *Lennahan* v. *O'Keefe*, 107 Ill. 620.

Was it error to set aside the right of plaintiff in error to the $175 of accrued alimony? This depends upon the answer to be given to the inquiry whether she had a vested property right therein. It is to be noted that there is a marked distinction between permanent alimony decreed upon a dissolution of the marriage relation, and either an allowance *pendente lite* of temporary alimony, or alimony allowed upon a divorce *a mensa et thoro,* or an allowance under our statute of separate maintenance. In respect to alimony of the several kinds last mentioned the parties stand before the court and in relation to each other as husband and wife, but in respect to alimony allowed after divorce from the bonds of matrimony they stand before the court and in regard to each other upon such footing as that the legal liability of the divorced husband for alimony is in the nature of an obligation or duty to a stranger.

In *Dinet* v. *Eigenmann,* 80 Ill. 274, it was held that the sum awarded to a wife, after divorce *a vinculo matrimonii,* for.alimony, becomes a debt from the former husband to her, and upon her death before payment the husband is not discharged, but the sum due passes to her legal representative precisely as any other money decree, and he may proceed and collect the same. It was there said (p. 279): "When the amount was ascertained and fixed, the right to the money became vested and as fully fixed as had the money been paid or the husband had given his note for the amount." In *Stillman* v. *Stillman,* 99 Ill. 196, it is said (p. 201) that the personal representatives of the

beneficiary are never permitted to recover any portion of the sum decreed, except such sum or installment thereof as had become due in her lifetime and which remained unpaid at her death. And further said (p. 204) that there was no error in the circuit court in refusing to make its decree retroactive, so as to cut off alimony that had previously accrued. *Miller* v. *Clark*, 23 Ind. 370, holds that arrears of alimony decreed by a court in favor of a divorced wife may be collected after her death by her administrator. In *O'Hagan* v. *Executor of O'Hagan*, 4 Iowa, (Clarke,) 509, in speaking of a decree giving to the wife, on a decree for divorce, an annual or other allowance during her life, it is said: "In such a case the court has acted upon the whole question, during their joint lives, and has decreed to her a definite and fixed sum. This decree has the same force and validity as any other judgment and may be collected in the same manner. It is a fixed, ascertained and subsisting debt against him, and, upon his death, against his estate."

In the case at bar it was error to set aside and cancel alimony which had already accrued and was due to plaintiff in error under the decree. The amount of such alimony was a debt due from the defendant James R. Craig to the beneficiary in the decree, and the latter had a vested property right therein, which the court was not authorized to take away from her. That part of the decree must be reversed. In all other respects the decree is without substantial error, and is affirmed. The cause is remanded to the circuit court, with directions to so modify the decree as that it will be in conformity with the views herein expressed. The defendants in error will pay the costs of this court.

*Decree affirmed in part and reversed in part.*