Manuel Wiseman, Appellee, v. Esther Wiseman, Appellant.

536

Opinion filed June 3, 1937.

CHAPMAN & MOTZ, of Alton, and H. H. COHN, of Springfield, for appellant; LEIGH M. KAGY, of Edwardsville, of counsel.

MANUEL M. WISEMAN, *pro se;* GILLESPIE, BURKE & GILLESPIE, and EDMUND BURKE, of Springfield, and GREEN, VERLIE & HOAGLAND, of Alton, of counsel.

MR. JUSTICE EDWARDS delivered the opinion of the court.

On October 2, 1934, respondent, Esther Wiseman, was awarded a divorce from her then husband, Manuel M. Wiseman, petitioner herein. The provisions of the decree gave her the right to resume her maiden name of Esther Cohen; rendered judgment in her favor against petitioner in the sum of $1,575 because of an indebtedness; awarded her, as alimony, the sum of $900 for the year beginning October 15, 1934; the sum of $1,200 for the year commencing October 15, 1935; the sum of $1,500 for the year beginning October 15, 1936, and the sum of $1,200 annually thereafter; each of said annual sums to be payable in semimonthly instalments.

On February 6, 1936, petitioner moved the court to modify the decree in respect to the matter of alimony, alleging that respondent was an able bodied person and able to provide for herself; that he had paid the $1,575 judgment and the $900 alimony for the year commencing October 15, 1934, and that respondent had sufficient money for her support and maintenance. The court, after a hearing upon such petition, modified the original decree by providing that petitioner should be relieved of any payments of alimony after October 15, 1935, until the further order of the court. Respondent excepted to such modification and has appealed therefrom.

At the time of filing the motion to modify, petitioner was in arrears of alimony payments in the amount of $350. Respondent contends that because of such arrearage he stood in contempt of the terms of the original decree, hence did not come into court with clean hands, and as a consequence was barred, as a matter of law, from any standing on his motion to modify the alimony payments.

While a court of equity does not look with favor upon the petition of a litigant asking a modification of its decree when he is in default as to compliance with

its terms, still it is not a rule of law that the petition shall be denied for that reason alone, as there may be existent conditions and circumstances beyond the control of petitioner which would render impossible, on his part, a compliance with the terms of the decree; hence the court will consider the whole situation in its effort to do even handed justice between the parties. *Craig v. Craig,* 163 Ill. 176. We do not think the chancellor erred in proceeding to hear the petition on its merits.

The only authority for modifying a decree of divorce, which obligates a party to make periodic payments of alimony, is Ill. State Bar Stats. 1935, ch. 40, ¶ 19; Jones Ill. Stats. Ann. 109.186 (sec. 19 of ch. 40, Smith-Hurd R. S. 1935), providing *inter alia* that the court may on application, from time to time, make such alterations in its terms as to alimony payments as shall be reasonable and proper. This section has been construed to mean that it only empowers the chancellor to alter the decree for alimony when the situation or condition of the parties, or at least one of them, has changed since the rendition of the decree, and that this is the sole and only cause which authorizes a readjustment of alimony by supplemental decree. *Smith v. Smith,* 334 Ill. 370; *Herrick v. Herrick,* 319 Ill. 146; *Maginnis v. Maginnis,* 323 Ill. 113. It is also held that it must appear either that the wife no longer needs support or that the husband is unable to furnish same. *Craig v. Craig, supra; Maginnis v. Maginnis, supra.*

The petitioner did not aver any change in his station or status in life, hence such question is not an issue in the case and will not be regarded. The allegations therein had to do with the former wife's condition of health and financial ability.

The decree of divorce, based upon the court's findings as to the status of the parties at the time of its rendition, was *res adjudicata* as to previous conditions

authorizing the alimony therein provided, and cannot be collaterally questioned in this proceeding; *Smith v. Smith, supra;* hence the inquiry now is whether the needs of the respondent have changed since the entry of the decree.

The testimony at the hearing was rather meager; petitioner merely deposing that in July, 1934, he owed his wife $2,570; that prior to the decree of divorce he had paid her all but $1,575 (the amount for which the decree awarded judgment); that he paid such latter item on February 6, 1936; that he had paid temporary alimony to the amount of $400, solicitor's fees in the sum of $200, and alimony as ordered by the decree, from October 15, 1934, to October 15, 1935; and that he was in arrears from the latter date at the rate of $100 per month, which amounted to $350.

Respondent testified that she was, previous to her marriage, a school teacher, and at the time of the hearing, unemployed; that she had made efforts to secure a position as teacher and had been unable to do so; that of the money so paid to her by petitioner, she owed her brother $1,000, and had paid him, or for his use, $700, and was still owing him $300; that she also was indebted to her mother in the amount of $1,000 which she expected to pay; that her brother was at the time supporting her, and that she had no property of her own and no income except her alimony.

It is thus seen that her condition had not been bettered since the divorce was granted. True, her husband paid her alimony for a year; this, however, was the amount which the chancellor found was reasonably necessary for her support. It is also a fact that he paid her $1,575, the amount of the judgment. This sum was rendered by the decree and was one of the items considered by the court in determining the amount of the periodic alimony payments. She was unemployed at the time of the divorce, just as when the petition to

modify was heard, and so far as we can determine from the proof, her condition as to health and finances was not materially different than it was on October 2, 1934, when the divorce was decreed and the alimony fixed by the court. The presumption is that the chancellor rightly determined same upon the conditions as they existed at the time, and petitioner is not entitled to a modification of same until he shows, under the averments of his petition, that her situation has changed and her necessity has been lessened or ceased since the rendition of the decree. *Smith v. Smith, supra.* This we do not think has been established by the evidence. Accordingly, the supplemental decree is reversed and the cause is remanded, with directions to the chancellor to deny the prayer of the petition.

*Reversed and remanded with directions.*