Edward Edwards, Plaintiff Counterdefendant-Appellee, v. Cynthia Edwards, Defendant Counterplaintiff-Appellant.

Gen. No. 11,218.

Fourth District.

June 22, 1970.

Knuppel, Grosboll, Becker & Tice, of Havana (John L. Knuppel, of counsel), for appellant.

* See Callaghan's Illinois Digest, same topic and section number.

■

White & Ermeling, of Havana, for appellee.

CRAVEN, P. J., delivered the opinion of the court.

This is an appeal from an order of the Circuit Court of Mason County entered on a motion to redocket a divorce suit and fix support payments and the rights of visitation with the minor child of the parties. No appeal is taken from that portion of the order fixing visitation rights.

On May 18, 1967, a divorce was granted to the plaintiff-husband, Edward Edwards, against defendant-wife, Cynthia Edwards, on grounds of desertion. Custody of their minor child, Phillip, was awarded to defendant with visitation rights to plaintiff and the paternal grandparents. Plaintiff was ordered to pay defendant "the sum of $95.20 per month through government allotment during the period of his service in the United States Armed Forces, said payment to be for the care and maintenance of their minor child and until further order of the Court."

Plaintiff, on May 15, 1969, filed a motion to redocket the cause and to fix support payments and rights of visitation, alleging change in circumstances resulting from his release from military service and subsequent employment. It appears that he had been discharged from military service several months prior to filing his motion.

At the hearing on the merits evidence was introduced that plaintiff was no longer in the Armed Forces but was employed by Caterpillar Tractor Company, Peoria, earning $100 per week after payroll deductions. He showed that he had remarried and had monthly obligations for house payments of $66, for utilities of $30, for work-transportation costs of $28 and for food at his place of employment of $28. In addition, he testified that there were other regular monthly costs of running his household, including $80 per month for groceries, and expenses for insurance on himself and the minor child.

Defendant testified that she was employed, with take-home pay of $310 a month, and lived in a small apartment for which she paid $95 a month. She testified to having other expenses totaling $337.20 a month. She attributed $163.30 of her total $432.20 monthly expenses to direct expenses for her son.

Evidence was also introduced that plaintiff's second wife was employed, earning $217 per month. It further appeared that plaintiff had been making support payments of $60 a month since his discharge from the service.

The court entered its order that plaintiff pay $20 per week to the defendant for the care, support and maintenance of the minor child, such payments to be retroactive to the date of termination of the government-allotment payments for the child and until further order of the court.

Defendant appealed this order, contending that discharge from military service is not a change in circumstances sufficient to permit a court to review child-support payments previously ordered; that it is an abuse of discretion to reduce support payments where one is in arrears in payments ordered; and that employment and earnings of the child's mother, subsequent to the divorce, do not constitute a change in circumstances justifying reduction of child support. Defendant also contends that the court was without jurisdiction to retroactively reduce, cancel or abate support payments which have accrued under a prior decree before the filing of a petition to modify the decree.

██ It is well-established that the court has power to modify child-support orders of a divorce decree if subsequent changes in the conditions and circumstances of the parties render such modification necessary. Mayes v. Mayes, 23 Ill App2d 513, 163 NE2d 235 (3rd Dist 1960) (abst). The Divorce Act provides:

94

"... The court may, on application, from time to time, make such alterations in the allowance of alimony and maintenance, and the care, education, custody and support of the children, as shall appear reasonable and proper ...." (Ill Rev Stats 1967, c 40, § 19.)

■ It also is well-established that the alteration of an order respecting support payments rests in the sound judicial discretion of the trial court, and unless the record shows an abuse of that discretion such an order will generally not be disturbed on review. Hoover v. Hoover, 307 Ill App 590, 30 NE2d 940 (1st Dist 1940).

■ In the instant case the trial court determined that the discharge of plaintiff from military service was a material change in the husband's circumstances necessitating further consideration of the support for the minor child. When this discharge and discontinuance of the government allotment for child support are viewed in connection with the subsequent financial condition and amount of earnings of plaintiff, we find no error in the determination reached as an exercise of sound discretion by the trial court. In fact, the necessity for review of the financial situation, earnings and needs of the parties was virtually implicit due to the nature of the original support order. That order was that plaintiff pay the sum of $95.20 per month through government allotment during the period of his service in the United States Armed Forces. Obviously, when that order was entered, it was deemed reasonable and proper under the circumstance that plaintiff was or shortly was to be in the Armed Forces. When the period of service ended, the order contemplated that the amount might be changed, or at least reviewed. That the order might be contradictory by its additional words "and until further order of the Court" does not alter the fact that the government allotment no longer was available, nor that the change in status, in fact, was a change in circumstances within the standards consistently followed by our courts.

95

■ ■    While equity does not look with favor on modifying a support decree when the petitioner is in default of compliance with the order then in effect, it will not deny a petition to modify for that reason only, but will consider the whole situation on its merits. Wiseman v. Wiseman, 290 Ill App 535, 8 NE2d 960 (4th Dist 1937). The default of plaintiff in this case appears small and of short duration. We find nothing in the evidence here to justify finding that plaintiff's failure to pay the full support payments previously ordered constituted a "contumacious refusal to pay," as defendant contends.

■    The financial status of plaintiff's present wife has no bearing upon the obligation of plaintiff to support his minor child. However, it is quite apparent that the trial court considered the financial circumstances and needs of plaintiff and of the minor child in light of all the facts surrounding both households. We cannot say that this was an abuse of discretion, but rather it was an assessment of those matters which demonstrate clearly the effort to reach an equitable conclusion.

■    Likewise, as a part of the circumstances and conditions of the parties, the court properly considered the subsequent employment and earnings of the defendant-mother, which also was a proper consideration in determining a reasonable and proper support amount to be ordered.

It appears to us that the trial court gave due consideration to the evidence presented, and that in view of all the facts presented, it arrived at an equitable sum in setting the support payments at $20 a week.

We find no reversible error or abuse of discretion in ordering that the support payments of $20 a week be retroactive to become effective as of the date of termination of the government-allotment payments for the child.

We are not unmindful of the often-announced rule that past-due payments of alimony and support are vested and that the court has no authority to modify them either as

to amount or time of payment. Hurt v. Hurt, 351 Ill App 427, 115 NE2d 638 (1st Dist 1953; Vail v. Vail, 98 Ill App 2d 234, 240 NE2d 519 (1st Dist 1968) (abst). Also, that modification is effective only from the date of filing of the petition for modification. Vail v. Vail, supra.

In none of the cases where these rules were announced was there an order in the language of the divorce decree as in this case. Under the language of the divorce decree here, it was proper for the support-payment sums to be modified as of the date the government-allotment payments terminated. To do so not only was equitable, but was well within the purport of the original order. In view of the language of the original order, we cannot say that any vested rights had accrued.

Judgment affirmed.

SMITH and TRAPP, JJ., concur.