RUTH ANN HURSH, Plaintiff-Appellee, v. JOHN PAUL HURSH, Defendant-Appellant.

(No. 60100;

First District (2nd Division)—March 4, 1975.

Muench & Muench, of Chicago (James J. Muench, of counsel), for appellant.

Rinella and Rinella, of Chicago (Bernard B. Rinella and Stuart N. Litwin, of counsel), for appellee.

Mr. PRESIDING JUSTICE DOWNING delivered the opinion of the court:

John Paul Hursh, defendant-appellant, brings this appeal from the denial of his petition for an order requiring Ruth Ann Hursh, plaintiff-appellee, to contribute an equitable amount to the support of their son.

The issues presented by the appeal in this case are: (1) do divorced parents share financial responsibility under Illinois law for the support of their minor children; and (2) did the trial court abuse its discretion in denying the defendant's request to require the noncustodian mother (plaintiff) to contribute an equitable amount in the support of their minor child.

The facts were as follows. Ruth Ann Hursh (plaintiff) and John Paul Hursh (defendant) were married in 1960. On September 22, 1969, plaintiff was granted an uncontested divorce and· given custody of their son, then 8 years old. An agreement, entered into by the parties on June 27, 1969, was made a part of the divorce decree. The pertinent parts of that agreement for this appeal are: "Article Two—Child Support," wherein the defendant agreed· to pay plaintiff $50 per week for the support of their 8-year-old son; and "Article Three—Custody," which gave the plaintiff the sole care, custody, education and control of the minor child, with reasonable visitation rights to the defendant.

On January 12, 1973, the defendant filed a petition for a change in the custody order, alleging that for a number of reasons the plaintiff was no longer fit to care for the boy. On March 1, 1973, an agreed order was entered which changed the physical custody of the minor child from the plaintiff to the defendant; provided visitation rights for the plaintiff and abatement of the support payments; and specified that defendant's present wife terminate any and all employment and that defendant not

move from Cook County without the consent of the plaintiff or the permission of the court.

On June 29, 1973, defendant filed the petition from which this appeal stems. Defendant requested that plaintiff, who allegedly had an excellent position with good income, be required to contribute an equitable amount to the support of their son, and to turn over certain articles which the child possessed when living with her, but which she refused to let him take to the father's home. The petition further alleged that defendant requested support from plaintiff because of the custody change which altered his financial circumstances since his present wife was ordered to terminate all employment; that a rental arrangement which previously provided income of $200 per month was now undesirable because of the boy's presence in the home; that the growth of the child caused an increase in the cost of maintaining the child; and finally that the improved financial ability of the plaintiff enabled her to contribute to the support of the child.

At a hearing on the petition, after learning the defendant earned $16,000 a year, the trial judge stated: "The petition is denied." At counsel's request, defendant was allowed to put on some evidence supporting his petition. At the close of this evidence, the trial court once again denied the petition. However, the plaintiff was ordered to make available to the defendant the child's tape recorder and bicycle.

Thereafter, defendant filed a post-trial motion for a new hearing alleging eight ways in which the trial court erred. In summary, these errors concerned the conduct of the hearings, the rulings of the trial court, and the conclusion of the trial court in ruling that the mother need not contribute regardless of her earnings.

At the hearing on defendant's motion for rehearing, defendant pointed out to the trial court that the evidence introduced at the 1973 hearing indicated that plaintiff, an employee of I.B.M., was earning $20,000 per year and defendant was earning $16,000 yearly. In denying defendant's motion, the trial court said: "You take it up to the Appellate Court and let them prove that the wife should contribute if she is making more money."

## I.

The Illinois statute pertaining to custody and support arrangements accompanying a divorce decree (Ill. Rev. Stat. 1973, ch. 40, par. 19) specifies that:

> "When a divorce is decreed, the court may make such order touching the alimony and maintenance of the wife or husband, the care, custody and support of the children, or any of them as, from

the circumstances of the parties and the nature of the case, shall be fit, reasonable and just and, in all cases, including default cases, the court shall make inquiry with respect to the children of the parties, if any, and shall make such order touching the care, custody, support and education of the minor children of the parties or any of them, as shall be deemed proper and for the benefit of the children."

The statute further provides:

"The court may, on application, from time to time, terminate or make such alterations in the allowance of alimony and maintenance, and the care, education, custody and support of the children, as shall appear reasonable and proper."

■■ This statute clearly treats both parents alike. The statute states support, as well as alimony, maintenance, care and custody, should be determined by the circumstances of the parties, and the nature of the case. The statutory language does not limit its considerations to the circumstances of the male party; rather, it calls for a determination of the circumstances of the parties. This means the court must look at the circumstances of the mother as well as the father in determining what arrangements would be fit, reasonable, just, proper and for the benefit of the children. There is no statutory justification for placing a greater burden for the support of the children on the father than the mother.

The temporary support statute (Ill. Rev. Stat. 1973, ch. 40, par. 14) treats the parties equally. This statute provides:

"The court may, on the application of either party, make such order concerning the custody and care of the minor children of the parties during the pendency of the suit as may be deemed expedient and for the benefit of the children * * * and may make such provision for the education and maintenance of the child or children, whether of minor or majority age, out of the property of either or both of its parents as equity may require."

Once again Illinois law treats each parent alike, looking at the circumstances of both to provide for the best interests of the children. Contrary to the common law and some ancient case law, the Illinois statutes clearly, and in our opinion rightly, place the burden of child support on both parents, according to their respective financial abilities.

The Illinois courts as long ago as 1929 recognized a mother's legal obligation for the support of her children. The court in *Purity Baking Co. v. Industrial Commission* (1929), 334 Ill. 586, 588, 166 N.E. 33, held a child was entitled to compensation under the Workmen's Compensation Act for the death of her mother even though her father was living. Speaking of the mother's responsibility for her children the court stated:

"[S]ince the wife has become emancipated and now possesses the full enjoyment of her property and earnings there is no longer any reason why she should not be held legally responsible for the support of her minor children equally with her husband."

■■ A divorced mother's change of economic status due to employment and earnings has been considered relevant along with other factors in the reduction of child-support payments. (*Edwards v. Edwards* (4th Dist. 1970), 125 Ill.App.2d 91, 96, 259 N.E.2d 820.) In *Harnois v. Harnois* (1st Dist. 1973), 10 Ill.App.3d 1062, 1068, 295 N.E.2d 511, *cert. denied* (1974), 415 U.S. 948, this court approved the concept that parents with equal earning capacities should contribute equally to a child's education.

In considering the question of a retroactive allowance for child support not included in the original separate maintenance decree, this court in *Plant v. Plant* (5th Dist. 1974), 20 Ill.App.3d 5, 7, 312 N.E.2d 847, noted that the support of a child is a joint and several obligation of both husband and wife, the amount and source thereof to be determined on the basis of the needs of the child and the means and capacity to produce income of the respective parents.

■■ Therefore, under Illinois law, the financial responsibility for the support of the children of divorced parents is the joint and several obligation of each parent, and the amount to be assessed against each parent shall be determined by the facts and circumstances of each case.

## II.

Plaintiff argues alternatively that the decision of the trial court should be affirmed because (1) defendant failed to prove that the needs of the minor child had sufficiently increased to warrant a change; (2) the trial court did not discriminate against defendant because he was a male; and (3) the judgment of the trial court was fair and equitable.

We think plaintiff's contentions must be viewed in light of the record. As noted earlier in this opinion, upon learning the defendant was earning $16,000 per year, the trial court denied the petition. After a brief colloquy, the trial court did permit the defendant to proceed with a hearing. At the hearing, the record does indicate plaintiff testified she was employed as an industry marketing representative for I.B.M.; that in 1969 she earned $11,041.34; and that in 1973 her monthly salary was $1,650 ($19,800 per year). The defendant testified that in 1969 he was earning $13,000, and in 1973 his net income was $225 per week ($11,700 per year). The record fails to clearly indicate accurate comparable yearly earnings; both gross and net were loosely used. However, it is obvious the trial court did not consider that evidence, for at the hearing on de-

fendant's motion for a rehearing, the following colloquy is indicative of the trial court's position:

> "The Court: Counsel, I am going to deny your petition not on the grounds on anything other than the fact he is earning sixteen thousand.
>
> Mr. Muench: And she is earning twenty.
>
> The Court: I don't care. You take it up to the Appellate Court and let them prove that the wife should contribute if she is making more money."

Considering only defendant's earning ability constituted an abuse of discretion by the trial court which ignored the statutory language specifying the circumstances of the *parties* should be considered in determining what arrangement would be reasonable and proper. Ill. Rev. Stat. 1973, ch. 40, par. 19.

The statute specifies the court may make alterations in custody arrangements "as appear reasonable and proper." This court has considered the needs of the child and the financial circumstances of the parties in determining when such alterations would be allowed. See *Metcoff v. Metcoff* (1st Dist. 1972), 4 Ill.App.3d 160, 161, 280 N.E.2d 572; *Loucks v. Loucks* (5th Dist. 1971), 130 Ill.App.2d 961, 964, 266 N.E.2d 924.

In this case, not only has there been a change in the financial conditions whereby it appears that the mother is now earning more than the father; but also, there has been a custody change from the home of the mother to the home of the father. The mother once supplemented the support money paid by the father by caring for the child in her home, and now the trial court would permit her to contribute nothing.

■■ By the trial court's own admission, its decision failed to consider the circumstances of all the parties as required by the statute. The failure to consider the circumstances of the mother, as well as the child and father, was an abuse of discretion, denying the defendant the equal protection of the laws of this state.

Therefore, the judgment of the circuit court of Cook County is reversed and the cause is remanded to the trial court for a hearing to be held in accordance with the views expressed herein.

Reversed and remanded.

LEIGHTON and HAYES, JJ., concur.