KEITH BALDWIN, Plaintiff-Appellant, *v.* CAROL BALDWIN, n/k/a Carol Davis, Defendant-Appellee.

Third District    No. 76-30

Opinion filed August 31, 1976.

Braud, Warner, Neppl & Westensee, Ltd., of Rock Island, for appellant.

No brief filed for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This appeal is from that part of the judgment of the Circuit Court of Rock Island County denying the petition of plaintiff-appellant, Keith Baldwin, to modify a decree of divorce entered between plaintiff and defendant Carol Baldwin, now known as Carol Davis.

On May 6, 1960, the plaintiff-father was granted a divorce from the defendant-mother. The custody of their daughter, who was then almost two years old, was granted to defendant Carol Davis. Plaintiff was

ordered to pay $12 per week as child support as well as all medical expenses of the child. He had the actual care and custody of the child from June of 1971 until June of 1972 and from November 1972 until present. On December 21, 1973, the legal custody of the daughter was changed from her mother to her father. On that same day, defendant's petition was heard to find plaintiff, Keith Baldwin, in arrears for child support in the amount of $3,790 and for a contempt of court citation against him. The trial court denied her petition for accumulated unpaid child support. On appeal this court (21 Ill. App. 3d 380, 315 N.E.2d 649) reversed the order of the trial court denying defendant's request for back child support and remanded the cause to the trial court for a further determination of the amount of back child support due defendant.

At the hearing on December 12, 1975, on plaintiff's petition to modify child support, the parties stipulated the arrearage up to December 1973 was $3,814. Defendant, Carol Davis, testified she had started working at Oscar Mayer's in 1970 and her gross pay was two hundred and some per week. Keith Baldwin testified it cost him $20 to $25 a week to provide the care, custody and control of the parties' daughter. On cross-examination, he testified his daughter was not in school and had babysitting jobs quite regularly, but not permanently and that such babysitting money was not contributed to her support. He stated further she was 17½ at the time of the hearing and definitely didn't plan to go back to school but had plans to work.

The trial court at the termination of the hearing determined plaintiff owed defendant the sum of $2,566 in back child support. It reached this figure by giving plaintiff credit for the nearly two years prior to December 1973 in which he had custody of the child. That portion of the judgment is not in issue on this appeal. The attorney for defendant-appellee has withdrawn as counsel on March 9, 1976, and defendant has filed no brief on this appeal. The trial court's entire statement regarding plaintiff's petition to modify for child support was "That is denied."

On this appeal the only issue we need deal with is whether the trial court abused its discretion in denying plaintiff's petition to modify the divorce decree. Plaintiff argues such discretion was abused where he had legal custody of the minor child pursuant to court order and he petitioned the court to direct the defendant-mother, who was gainfully employed, to pay child support.

The general rule is where there is an application to modify a divorce decree in matters relating to custody and support of minor children, the determination of the trial court will not be disturbed on appeal in the absence of serious error or an abuse of discretion. (*Cole v. Cole*, 142 Ill. 19, 31 N.E. 109.) Plaintiff cites *Hursh v. Hursh*, 26 Ill. App. 3d 947, 326

N.E.2d 95 as being directly on point and as being distinguishable only in one respect in that in *Hursh* it was not apparent the petitioner-father was in arrears in prior child support. The *Hursh* case is also distinguishable in that in *Hursh* the following colloquy took place between the court and counsel for the father:

> "The Court: Counsel, I am going to deny your petition not on the grounds on anything other than the fact he is earning sixteen thousand.
>
> Mr. Muench: And she is earning twenty.
>
> The Court: I don't care. You take it up to the Appellate Court and let them prove that the wife should contribute if she is making more money."

The court held the failure to consider the circumstances of the mother, as well as the child and father, was an abuse of discretion which denied the defendant the equal protection of the laws of this State. (*Hursh v. Hursh*, 26 Ill. App. 3d 947, 326 N.E.2d 95.) However, in the instant case after hearing testimony as to the income and expenses of both parties, the court made no indication it was basing its ruling on the grounds the mother had no duty to support her minor child.

Plaintiff also argues it would be error to deny his petition for child support on the grounds he was in arrears in prior child support payments. In support of this argument he cites *Edwards v. Edwards*, 125 Ill. App. 2d 91, 259 N.E.2d 820, *Wiseman v. Wiseman*, 290 Ill. App. 535, 8 N.E.2d 960, and *Craig v. Craig*, 163 Ill. 176, 45 N.E. 153.

In *Edwards*, however, the court found the default of the plaintiff-father appeared small and of short duration. Plaintiff-father who was granted the divorce was ordered to pay $95.20 per month through government allotment while in the armed forces. For several months after discharge he paid $60 a month and then petitioned the court to redocket the cause and fix support payments. The decree provided the payments were to be made until further order of the court. Defendant-mother contended it was an abuse of discretion to reduce support payments where one is in arrears in payments ordered. The court reduced the payments to $20 per week retroactive to plaintiff's discharge from service and the appellate court affirmed.

In *Wiseman v. Wiseman*, 290 Ill. App. 535, 8 N.E.2d 960, cited by the *Edwards* court, the petitioner moved the court to modify the divorce decree in respect to alimony payments even though he was $350 in arrears at the time of filing his motion. The court held that it is not a rule of law that his petition should be denied for that reason alone and that the court would consider the whole situation in its effort to do evenhanded justice between the parties. *Craig v. Craig*, 163 Ill. 176, 45 N.E. 153, also involved

reducing alimony payments where the husband was in arrears. The court held the facts and circumstances of the case might call for the equitable intervention of the court to grant relief.

The *Craig* and *Wiseman* cases are distinguishable in that they involved the modification of alimony payments. In *Edwards v. Edwards*, 125 Ill. App. 2d 91, 259 N.E.2d 820, the arrearage was significantly smaller than in the instant case and had accumulated for a period of only several months. Also, the change in the circumstances of the father occasioned by his discharge from service had been anticipated by the divorce decree provision regarding child support.

Although there is no statement in the instant case by the trial court as to its reason for denying plaintiff's petition to modify, the record shows evidence was presented as to both parties' ability to support the child. Evidently plaintiff was in arrears for over $3,000. Cognizant of the fact that the purpose of child support is to benefit the child, not punish the parent, we note it appears that he had been able to adequately support the child. Furthermore, the child was almost 18 years of age with no intention of returning to school and in fact was earning money by regular, if not permanent, babysitting jobs. Based on the record as a whole, we cannot hold as a matter of law that the trial court abused its discretion in denying plaintiff's petition to modify the support provisions of the divorce decree.

For the foregoing reasons, the judgment of the circuit court of Rock Island County is affirmed.

Judgment affirmed.

ALLOY, P. J., and BARRY, J., concur.