MILDRED CECELIA CHATTILLION, Plaintiff and Counterdefendant-Appellant, *v.* HOWARD GEORGE CHATTILLION, Defendant and Counterplaintiff-Appellee.

Fifth District    No. 76-462

Opinion filed August 29, 1977.

Marvin W. Goldenhersh, of Goldenhersh & Goldenhersh, of Belleville (Jerold H. Goldenhersh, of counsel), for appellant.

Rick Rosen, of Hotto, Neubauer & Rosen, of Fairview Heights, for appellee.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:
This is an appeal by plaintiff, Mildred Chattillion, from the order of the circuit court of Monroe County, granting a decree of divorce to defendant-counterclaimant, Howard Chattillion.

Appellant, Mildred Chattillion, originally filed a complaint for divorce against Howard Chattillion, on July 27, 1970. A hearing was held on May 9, 1972, at which time testimony was heard, and the court made findings of fact regarding the property and income of the parties. On April 3, 1973, a decree of divorce was entered which provided for support of the minor children of the marriage, payments of debts, and division of property.

Howard Chattillion filed a post-trial motion on April 10, 1973, and after a hearing on June 27, 1973, the court vacated the judgment granting Mildred Chattillion her divorce from Howard Chattillion.

On October 7, 1974, Mildred Chattillion filed a complaint for separate maintenance, and Howard Chattillion filed a countercomplaint for divorce on December 5, 1975.

A trial was held and the court entered its order, which is the subject of this appeal, on January 19, 1976. In its order, the court denied Mildred Chattillion's complaint for separate maintenance because she did not prove that she was living separate and apart from the defendant, through no fault of her own. The court found her to have constructively deserted her husband, and to be guilty of extreme and repeated mental cruelty over an extended period of time. The court ordered the husband to make child-support payments of $125 per month for the two children of the marriage who are still minors. The family home was ordered sold, and the defendant husband was ordered to make mortgage payments until such sale. Other assets and debts of the parties were also covered in the court's order.

The relief sought by the appellant is reversal of the decree of divorce, or in the alternative for remand for further hearing regarding property rights of the parties, and the obligation of the husband toward costs of supporting the children of the parties from the separation in 1970 until the trial date.

Appellant contends that the 1976 decree of divorce violates her right to equal protection under the law as guaranteed by the United States Constitution's Fourteenth Amendment, and the Illinois Constitution, article I, section 2. The basis of the contention seems to be primarily economic in nature. As appellant herself states:

"The evidence of the cases (the 1973 divorce and the 1976 divorce) shows quite clearly that both of the parties agree that the marriage of the parties is irretrievably broken. Therefore, perhaps it is not important as to which of the parties was entitled to a divorce from the other. However, Appellant respectfully submits that a reading of the two transcripts indicates quite clearly that the case of the Appellant against the Appellee was at least as good, and probably better than the case of the Appellee against the Appellant. * * * Therefore, if the law is applied equally, inasmuch as the 1973

decree was set aside, the 1976 decree also should be set aside. However, inasmuch as a practical matter, no useful purpose would be accomplished by totally setting aside the 1976 Decree, Appellant primarily is interested in an equitable determination and resolution of the fact that she contributed $32,250.00 to the support of the children of the parties, during a 5-year period in which the Appellee contributed less than ½ of that amount toward the support of the said children."

■■ Appellant relies primarily upon the case of *Hursh v. Hursh* (1975), 26 Ill. App. 3d 947, 326 N.E.2d 95, for the principle that failure or refusal of the trial court to consider the respective abilities of each of the parents to produce income for child-support purposes is a violation of a person's right to equal protection of the laws. That is correct. (See *Hursh v. Hursh* (1975), 26 Ill. App. 3d 947, 952, 326 N.E.2d 95.) However, the specific finding of the court was that the trial court had abused its discretion in applying the laws of Illinois which do provide for equal protection of parents by requiring the court to consider income and ability of both parents. The trial court in *Hursh v. Hursh* refused to hear any evidence regarding the mother's earnings when informed that the father made $16,000 per year.

In the case before us, the trial court considered circumstances of both parties, and refused to grant appellant additional payments for support money she claimed to have expended on the children over the five years this case has been in the courts.

The real issue is whether the trial court abused its discretion. A judgment should not be disturbed unless it is against the manifest weight of the evidence. *Hoffmann v. Hoffmann* (1968), 40 Ill. 2d 344, 349, 239 N.E.2d 792 (alimony provisions); *McGowan v. McGowan* (1973), 15 Ill. App. 3d 913, 305 N.E.2d 261, and *Deahl v. Deahl* (1973), 13 Ill. App. 3d 150, 300 N.E.2d 497.

Appellant argued at trial that it had cost approximately $41,000 to raise the four children of this marriage from July 1970, when the husband and wife first separated, to July 1975. She stated that the husband had paid $8,550, and that she had paid $32,500, and that she had borrowed over $10,000 from a bank on different loans to meet support needs of the children.

In 1970, when the original complaint was filed, the ages of the children were 23, 19, 15 and 13, and the oldest child was out of the house. In 1972, at the first trial, the second oldest child was 21, and working even though she still lived at home. For the great majority of the time involved here, appellant was meeting all the support needs of only two dependent children.

The husband testified that in addition to the $8,500 he paid directly to

appellant, he also made mortgage payments and paid other family expenses to the extent of $10,000.

Regarding income, testimony at trial was that the wife was earning $12,000 per year and that the husband was earning either $21,000 or $24,000 per year.

■■ Almost all the evidence before the court was the oral testimony of the two litigants. No documentation of expenses claimed by appellant was provided by any exhibits or unprejudiced testimony. The facts were controverted, and the trial court made its findings based on what evidence there was before it. We cannot say under these facts, and in light of the record before us, that the trial court's decision was contrary to the manifest weight of the evidence. Appellant Chattillion's right to equal protection of the law was not violated.

For the foregoing reasons the judgment of the circuit court of Monroe County is affirmed.

Affirmed.

CARTER, P. J., and G. J. MORAN, J., concur.