NANCY WINTER, Plaintiff-Appellee and Cross-Appellant, *v.* JOHN WINTER, Defendant-Appellant and Cross-Appellee.

First District (2nd Division) No. 77-357

Opinion filed June 20, 1978.—Rehearing denied July 17, 1978.

Joel S. Ostrow, of Chicago, for appellant.

Barbara B. Hirsch, of Chicago, for appellee.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

This matter comes before the court from a post-decree proceeding to modify the child support provisions of a judgment for divorce entered between plaintiff, Nancy Winter, and defendant, John Winter. Defendant appeals from an order of the circuit court of Cook County denying his

petition for a decrease in child support payments. Plaintiff has filed a cross-appeal from a similar order denying her cross-petition for an increase in such payments. The trial court also ordered that defendant pay plaintiff the sum of $1,000 as attorney's fees to defray the cost of legal expenses incurred by plaintiff in connection with the several post-decree proceedings but denied plaintiff's petition for attorney's fees resulting from her defense of the instant appeal. The parties also seek review of these orders.

The following issues are presented for our consideration: (1) whether the trial court's finding that insufficient evidence had been presented to warrant a modification of child support payments was contrary to the manifest weight of the evidence; and (2) whether the trial court properly exercised its discretion in ruling on plaintiff's petitions for award of attorney's fees.

A review of the record indicates that plaintiff and defendant were married on July 12, 1963, at Wilmette, Illinois. The couple lived together as husband and wife for approximately 10 years before plaintiff sued for divorce alleging that defendant had been guilty of mental cruelty. One child, six years of age at the time the complaint was filed, was born to the parties.

After various continuances, this cause was set for disposition on the contested trial call of May 31, 1974. Prior to this date the parties arrived at an oral agreement settling and disposing of the alimony and property rights stemming from the marital relationship. A prove-up hearing ensued during the course of which testimony was elicited from both plaintiff and defendant.

A judgment for divorce was entered on June 10, 1974. In accord with the terms of the oral agreement, the decree provided, *inter alia*:

"B. The Defendant will pay to Plaintiff, as and for support of their minor child, the sum of $550.00 per month, in the manner set forth in Paragraph D herein, in addition to paying for the child's extraordinary medical, dental and related expenses; the aforesaid being based upon Defendant's stated gross income of $1,850.00 per month.

* * *

D. Defendant will pay the aforementioned child support to Plaintiff as follows:

(1) $250.00 directly to plaintiff on the 15th day of each month, and

(2) Paying the balance of $300.00 directly to the mortgagee on their residence to include the payment of their annual real estate taxes, which said defendant receiving the income tax benefits therefrom.

* * *

F. The aforesaid marital residence, remaining in the parties' joint names, will be sold upon the first of the following to occur:

(1) The parties' child reaching his majority or otherwise being emancipated.

(2) The plaintiff remarrying or having a male individual living with her who is not related to her.

(3) Upon plaintiff's discretion."

On August 24, 1974, defendant petitioned for a modification of child-support payments based upon an alleged inability to pay. This petition was denied and defendant was found to be in contempt of court for failure to comply with the child support provisions of the decree. By September 15, 1974, defendant had accumulated an arrearage of $682.

On August 4, 1975, defendant filed a second petition for modification of child support payments premised upon the fact that the marital residence had been sold in the summer of 1975; that the necessity of making mortgage payments thereon had ceased; and, a corresponding decrease in child support had been anticipated by the parties under such circumstances. Plaintiff filed an answer to this petition which denied such an intent. Plaintiff also filed a cross-petition which sought an increase in child support payments in the amount of $1,000 per month or 30% of defendant's unadjusted gross annual income, whichever is greater in a given calendar year.

The trial court ruled that the provisions of the decree at issue contemplated a monthly child support payment of $550, without contingencies or abatement provisions and, therefore, the sale of the former marital residence was not a material change in circumstances so as to warrant a reduction in child support payments.

The primary question presented for review is whether sufficient evidence was presented to warrant a modification of defendant's child support obligations. In order to resolve this matter we must initially determine the extent of defendant's obligation under the decree entered on June 10, 1974.

Defendant contends that the provisions currently at issue establish that at the time the decree was entered the parties had agreed that $250 per month was sufficient to support the child except for the cost of providing a particular dwelling place. Defendant concludes that an automatic reduction of "child support" payments was contemplated upon sale of the marital home. In support of this position, defendant argues that by virtue of his status as a joint owner of the marital home, defendant enjoyed certain tax benefits which were terminated upon sale of the property; that the decree expressly provided that such benefits would inure to defendant; and, therefore, to require him to continue monthly

payments of $550 would serve to deprive him of this favorable treatment without any corresponding consideration. Defendant also suggests that the fact that the decree provides for sale of the property upon plaintiff's remarriage or cohabitation evinces the parties' intent that the costs of housing the minor child would be assumed by plaintiff under such circumstances.

Plaintiff notes that the decree expressly provides that defendant pay $550 per month in child support and does not detail that this obligation is contingent upon plaintiff's habitation of the marital home. Nor does the judgment provide that these payments would abate upon sale of the property. Moreover, plaintiff was given the option of selling the property in her discretion and without regard to her marital status. The property was sold at a profit, defendant shared in the proceeds and was able to reinvest these funds in other property in order to regain his favorable tax position.

■■ A judgment or decree, like any other written instrument, is to be construed reasonably and as a whole so as to give effect to the apparent intention of the court. Effect must be given not only to that which is expressed, but also to that which is unavoidably and necessarily implied in the judgment or decree. (*Pope v. Pope* (1972), 7 Ill. App. 3d 935, 289 N.E.2d 9.) A court, in exercising its equitable powers, must look to substance and not to form. Within this context, the "labels" employed by the parties provide some "indicium of intention," although such designations are not determinative if the whole agreement shows a different intention. *Sudler v. Sudler* (1972), 6 Ill. App. 3d 546, 286 N.E.2d 113.

■■ The trial court considered the provisions at issue and the various arguments of counsel and concluded that the decree contemplated a monthly child-support payment of $550, without contingencies or abatement and, therefore, the sale of the former marital residence was not a material change in circumstances so as to warrant a reduction in child support payments. This construction was reasonable and not clearly erroneous so as to require this court to disturb the trial court's ruling.

■■ In our estimation, the award of $550 per month in child support payments is not unjustified. During the course of the hearing on the several petitions, it was adduced that since entry of the decree plaintiff has remarried and shares a home with her spouse and child in Glencoe, Illinois. Plaintiff retains a live-in housekeeper at a salary of $80 per week. The presentation of evidence in the instant case was somewhat confusing and awkward. Apparently, plaintiff's itemized monthly expenses for the child are as follows: food: $111; medical: $17.77; clothes: $85; allowance: $4.25; entertainment: $6.40; gifts for friends: $6; vacations: $58; tutoring: $46; haircuts: $5. Summer camp expenses were $425 and tennis and art lessons totaled $335 per year. Plaintiff is a licensed real estate salesperson

and prior to the date of the hearing had earned $11,800 from that endeavor. Plaintiff also realized approximately $30,000 from the sale of the marital home.

Plaintiff professed no knowledge of what the child's food or clothing expenses had been at the time of her marriage to defendant.

Defendant testified that he was employed as a commodities broker and that he received $30,000 from the sale of the home. The record is particularly confused regarding his income. Plaintiff alleged that in 1974 defendant had a gross income of $30,171; a 1975 gross income of $44,370.81; and a 1976 gross income of $48,972.81. The Federal income tax records from which these figures have apparently been derived are not before this court. We find nothing in the record to rebut the apparent accuracy of these computations.

Defendant summarized his own monthly expenses as follows: food: $500; rent: $375; parking: $80; automobile maintenance and insurance: $90; country club membership: $125; life insurance as required by the original divorce decree: $45. Defendant also stated that his health has deteriorated and that he suffered from a serious gastro-intestinal disorder.

■■ The trial court has the power to modify child support provisions of a divorce decree if the modification as been shown to be necessitated by changes in the conditions and circumstances of the parties occurring subsequent to entry of the divorce decree. (*Edwards v. Edwards* (1970), 125 Ill. App. 2d 91, 259 N.E.2d 820.) Just as in initially determining the amount of support, the facts to be considered by the trial court in modifying the support provisions of the divorce decree includes the ages of the parties, their condition of health, the property and income of the mother, the property and income of the father, and the station in life of the parties. (See *Knox v. Knox* (1975), 31 Ill. App. 3d 816, 334 N.E.2d 891.) Considerable discretion is placed in the trial court and an order of modification will not be disturbed on review, absent an abuse of discretion. *Edwards v. Edwards* (1970), 125 Ill. App. 2d 91, 259 N.E.2d 820.

■■ Plaintiff has failed to demonstrate a significant change in circumstances subsequent to the entry of the divorce decree which would justify an increase in defendant's child support obligations. (See *Addington v. Addington* (1977), 48 Ill. App. 3d 859, 363 N.E.2d 151.) The decision of the trial court in this regard is not contrary to the manifest weight of the evidence and should be affirmed.

Defendant also contends that the trial court abused its discretion in requiring defendant to pay a portion of plaintiff's attorney's fees incurred in connection with the several post-decree proceedings. Plaintiff's attorney presented a verified petition for attorney's fees, costs and expenses which totaled approximately $4,000. Upon a full hearing on the

matter of plaintiff's attorney's professional background and the time expended and the relative ability of the parties to pay these costs, the trial court ordered defendant to pay $1,000 of plaintiff's attorney's fees.

It has been held that attorney's fees may be awarded in post-decree proceedings in the trial court to modify the provisions of the decree. (*Horwitz v. Horwitz* (1970), 130 Ill. App. 2d 424, 264 N.E.2d 723.) It is similarly well established that the allowance of attorney's fees falls within the discretion of the trial court and in order to justify such an allowance the moving party must show a financial inability to pay and the ability of the other party to do so. *Woodshank v. Woodshank* (1973), 13 Ill. App. 3d 692, 300 N.E.2d 494.

The trial court considered the relative financial position of the parties, the work performed and the value of such services rendered. Considering all the circumstances, it cannot be said that the trial court abused its discretion in awarding plaintiff's attorney's fees in the amount of $1,000.

Plaintiff finally contends that the trial court improperly denied her request for attorney's fees to defend the instant appeal upon application of section 15 of the Divorce Act (Ill. Rev. Stat. 1975, ch. 40, par. 16, amended by P.A. 79-1360, effective October 1, 1976). The narrow question presented for review is whether this amendment should operate to deprive the trial court of authority to enter an award of attorney's fees pending appeal.

This issue was recently considered by this court in *Lewanski v. Lewanski* (1978), 59 Ill. App. 3d 805, 375 N.E.2d 961. In *Lewanski*, it was noted that the amendment which deleted all reference to the award of attorney's fees under circumstances as are present in the instant case was not to receive retroactive application. The amendment does not provide for retroactive applicability, and the principle that a new law should not be construed to repeal any act done or right accrued under the former law must apply. Ill. Rev. Stat. 1975, ch. 131, par. 4.

In the instant case, defendant filed his notice of appeal on November 15, 1976, subsequent to the effective date of the amendment to section 15 of the Divorce Act. Therefore, at the time the appeal was perfected, plaintiff had no right to award of attorney's fees to defend this appeal. (See *McArdle v. McArdle* (1977), 55 Ill. App. 3d 829, 370 N.E.2d 1309.) The trial court's ruling was proper.

Accordingly, for the aforementioned reasons, the orders of the circuit court of Cook County are affirmed.

Affirmed.

DOWNING and PERLIN, JJ., concur.