**Diane Scalfaro, Plaintiff-Appellant, v. Anthony J. Scalfaro, Defendant-Appellee.**

**Gen. No. 53,698.**

First District, Fourth Division.

March 25, 1970.

Spangler & Greenberg, of Chicago (Erwin H. Greenberg, of counsel), for appellant.

Anthony P. Pacelli, of Chicago (Bernard Kaufman and Harry G. Fins, of counsel), for appellee.

MR. JUSTICE DRUCKER delivered the opinion of the court.

Plaintiff appeals from an order modifying and reducing the original alimony award from $50 per week to $25 per week and the support of the minor children from $75 per week to $50 per week. On appeal plaintiff contends that a divorce decree for alimony or child support can only be modified if there is a material change occurring after the entry of the decree and that a decree for divorce entered by a court having jurisdiction is conclusive for all purposes and cannot be collaterally attacked.

The divorce decree entered on July 7, 1966, stated that defendant was earning in excess of $7,000 per year, but that the exact amount was not readily ascertainable. The decree ordered defendant to pay $50 per week alimony and $75 per week child support for three minor children and to pay the accumulated arrearage for temporary alimony and support of $2,200.

On February 23, 1967, plaintiff filed a petition alleging that defendant only made one payment on the $2,200 arrearage and that he had failed to make the last five weekly alimony and support payments. Plaintiff prayed that the court issue a rule to show cause why defendant should not be held in contempt of court for failure to comply with the decree for divorce.

Defendant's answer admitted the allegation that he only made one monthly payment on the arrearage but

further stated that his income was insufficient to make further payments on the arrearage. The answer denied the allegation that he failed to pay the last five alimony and support payments. Defendant's answer contained a counterpetition which alleged, in part, that his net income of $177 per week was insufficient to pay the $125 alimony and support payments and that plaintiff was gainfully employed earning a substantial amount of money, whereas he could not support himself on the remaining income. Defendant prayed that the court modify the divorce decree and reduce his alimony and child support payments in accordance with his income.

A preliminary hearing on plaintiff's petition and defendant's counterpetition was held on March 17, 1967. The court ordered that alimony payments be reduced from $50 per week to $25 per week. No change was made in the child support payments. The order further ordered that the hearing on the petition and defendant's answer to petition and counterpetition be set for further hearing.

Subsequently, on August 13, 1968, a further hearing was held. The trial judge indicated his reasons for permitting the hearing:

> . . . I feel that there is sufficient ambiguity in the decree that would warrant a Court at this time delving into what actually this man earns.
>
> . . . . . .
>
> The ambiguity was in this respect—I think I spelled it out last time—when the order was entered by the Court, first of all, we were experiencing some difficulty in determining what this man actually earned. This decree was awarded more or less by agreement.
>
> It seemed at that time [July 17, 1966] that this man was operating several restaurants. It looked

very hopeful that he might be able to meet the kind of a decree which the Court entered and was with the idea of certainly giving the children every benefit—every benefit of every hope that might be achieved. So I signed this decree.

If we find now, according to the petitioner, that he is unable to meet this decree, he comes into this Court now, asking this Court for a hearing on this man's assets.

I feel in light of the circumstances and in light of the decree we should give this man an opportunity to come into a court of equity and open his books, open his records, and to delve into his finances, financial setup, and to find out once and for all what this man is earning so that this Court can arrive at a realistic and practical order that the defendant can live on and live with.

That is the basis for why we are having this hearing at this time. That is it.

At the hearing the defendant testified that his gross income for 1965 was $6,300 and that his net income for 1966 and 1967 was $8,309.73 and $8,095.34, respectively. He estimated that his net income for 1968 would be $8,000. His net weekly pay for 1968 averaged $160. On cross-examination he testified that his financial situation since July 1966 had become worse since he had more bills to pay, including a $578 doctor bill for his son, on which he still owes $250. However, his income remained basically the same between 1966 and 1968. Under the original decree defendant was ordered to pay $125 a week for alimony and support and $12.50 a week on the arrearage or a total of $137.50 per week on an income "in excess of $7,000 per year [$135 per week]."

When the divorce decree was entered on July 7, 1966, it was based upon conditions existing in 1965. During that year there was another restaurant that defendant

had been drawing on called the Jackson Apple Basket. These draws totalling $4,740 were not income to him. He initially "put up" $5,000 to start the restaurant and therefore he had a $5,000 credit due him in the form of draws. Upon questioning by the court the following colloquy occurred:

THE COURT: "At that time when we entered the order of $125.00, why were you prepared to enter into that kind of a situation?"

THE WITNESS: "I had no choice as far as I was concerned."

THE COURT: "Were you taking money from this other restaurant?"

MR. GREENBERG: "Judge, if you will forgive me, I am objecting to that. I think the reason why is immaterial."

THE COURT: "Just a minute, because if a man cannot meet the situation that he is anticipating, I have to inquire."

· · · · · ·

THE COURT: "As I have indicated on several occasions now how this order came to be entered into, we are now confronted with a situation where the order that was hoped to be met cannot be met, based upon the testimony we now have before us.

"That restaurant that you are talking about, that Apple what?"

THE WITNESS: "Jackson-Apple Basket."

THE COURT: "What about the other one?"

THE WITNESS: "The year before that, the Lawrencewood-Apple Basket went under; and during this time, I was anticipating the Randhurst-

Apple Basket, of maintaining some being with it or some income from there, which her father and her brother and herself have taken over.

"So I lost everything. So the only thing I have left is this restaurant which I have fifty-two per-cent of and which is in debt up to its elbows, which I am struggling to survive."

. . . . . .

THE COURT: "The Court is going to enter this order based upon this man's earnings. I am going to predicate this order now definitely—

"This Court is of the opinion that this man has an income of $160.00 a week; and based upon that, this Court is going to enter an order of $50.00 a week child support and $25.00 a week alimony. That is going to be the order.

"Is he in arrears?"

MR. GREENBERG: "He is in arrears $1,800."

THE COURT: "I suggest that you add $10.00 a week for the arrearage. That is going to be the order. I am trying to work out an order here that is livable."

Plaintiff contends that a divorce decree for alimony or child support can only be modified if there is a material change in the financial condition of the petitioning party occurring after the entry of the decree. Plaintiff argues that the evidence produced by defendant did not establish a material change in his financial condition since the entry of the original divorce decree.

Section 19 of the Divorce Act provides that "the court may, on application, from time to time, make such altera-tions in the allowance of alimony and maintenance and the care, education, custody and support of the children as shall appear reasonable and proper." (Ill Rev Stats

28

1967, c 40, § 19.) The decree of July 7, 1966, was not based on income but on the optimism that defendant's restaurant business would grow and produce more income. At the August 13, 1968, hearing to modify this decree the court found that the defendant could not meet the original payments as the "situation" that was anticipated in July 1966 did not materialize.

■ ■ The modification of provisions for the payment of alimony and child support rests in the sound discretion of the court and a reviewing court will not interfere with the exercise of such discretion in the absence of its abuse. See ILP, Divorce, § 149. In the instant case the trial court determined that the financial condition of the defendant had sufficiently changed since the entry of the divorce decree to warrant its modification and we find no abuse of discretion by the trial court in its modification order.

■ Plaintiff also contends that a decree for divorce entered by a court having jurisdiction is conclusive for all purposes and cannot be collaterally attacked as to any facts and circumstances existing prior to its entry. While the decree is conclusive and res judicata as to all facts and circumstances existing prior to its entry, the court has the continuing power, for causes accruing subsequent to its entry, to modify the provisions of the decree to meet the changed conditions of the parties. Maginnis v. Maginnis, 323 Ill 113, 153 NE 654, and Igney v. Igney, 303 Ill App 563, 25 NE2d 608.

The order reducing defendant's alimony and child support payments is affirmed.

Affirmed.

STAMOS, P. J. and ENGLISH, J., concur.