CAROL BOKHOVEN, Plaintiff-Appellant, *v.* WILLIAM BOKHOVEN, Defendant-Appellee.

Second District (1st Division) No. 75-86

Opinion filed February 6, 1976.

Nathan M. Gomberg, of Gomberg & Schaps, of Chicago, for appellant.

Fuqua, Winter & Associates, of Waukegan, for appellee.

Mr. JUSTICE HALLETT delivered the opinion of the court:

The defendant in this case was granted a divorce from the plaintiff and awarded custody of their two children. Later the plaintiff unsuccessfully sought to have the custody of one of the children changed to her since the girl preferred to stay with her and was in fact living with her. Having failed in her attempt to have custody changed, the plaintiff then sought to have child support awarded since her daughter was still residing with her. This too was denied by the court, the court further finding that the daughter should not be living with her mother and that doing so she was in violation of the decree. It also refused to award attorney's fees. The plaintiff appeals from this last decree. We find no error and affirm.

The defendant, William Bokhoven, was divorced from the plaintiff

Carol Bokhoven on March 27, 1973, for mental cruelty. There were two children, Debra Bokhoven, then age 14, and David Bokhoven, then age 12. The court found that it was in the best interest of the children that their father have custody and that he was a fit and proper person to have custody. The plaintiff was allowed vision on alternate weekends, alternate holidays and two weeks during the summer.

As revealed by the pleadings, sometime between then and October, 1974, the daughter Debra went to live with her mother. On October 2, 1974, the plaintiff filed a petition for change of custody on the grounds that Debra had expressed a desire to live with her mother, and for child support. The defendant in his answer and counterpetition agreed that Debra was staying with her mother and refused to return home, and alleged that the reason given by Debra for this refusal was that there were fewer restrictions upon her activities at her mother's home than at her father's and also alleged that the plaintiff had encouraged Debra in her attitude and had refused to return Debra to the defendant's home. These allegations were denied by the plaintiff. On October 28, 1974, the court entered a decree denying the plaintiff's petition on the grounds there had been no change of circumstances which would warrant a modification of the custody provision.

The plaintiff did not appeal from this decree. Instead on November 27, 1974, the plaintiff filed a new petition alleging that Debra had resided with the plaintiff since October 28, 1974, and has expressed her desire to continue to do so and requesting reasonable child support and attorney's fees. This petition was denied on the same day, the court further finding that Debra should not be living with the plaintiff and that by doing so she was in violation of the decree of the court. At the hearing the court stated that Debra was only entitled to support from her father if she resided with her father pursuant to the decree.

On December 26, 1974, the plaintiff appealed from the decree entered on November 27, 1974. We affirm both because no substantial change in circumstances was shown, or even alleged, and because the trial court did not abuse its discretion in denying support under the facts of this case.

■■ Only a substantial change in circumstances since the previous decree will justify modification of child support provisions. (*Gaines v. Gaines* (1969), 106 Ill. App. 2d 9, 245 N.E.2d 574.) On October 27, 1974, the court denied the plaintiff's petition for change of custody and *for child support*. This judgment has become final and is binding on the parties. Only a month after the first petition had been denied, the plaintiff filed the present petition. There is no suggestion in the record that there had been any change in Debra's needs or in the financial

circumstances of the parents in that one month period. Rather it is obvious that the plaintiff, having chosen not to appeal the first decree, is now attempting to relitigate part of the issues which were already decided by the court.

Furthermore the modification of provisions for the payment of child support rests in the sound discretion of the court and a reviewing court will not interfere with the exercise of such discretion in the absence of its abuse (*Scalfaro v. Scalfaro* (1970), 123 Ill. App. 2d 23, 259 N.E.2d 644), or unless manifest injustice has been done (*Miezio v. Miezio* (1955), 6 Ill. 2d 469, 129 N.E.2d 20). We find no abuse of discretion here.

It is true, as stated by the plaintiff, that a divorce decree does not relieve the father of his duty of support even though the decree awards custody of the children to the mother or to a third party (24 Am. Jur. 2d *Divorce and Separation* §859 (1966).) Nevertheless it is generally held that where the divorce decree awards the custody of a child to the father and he is willing and able to furnish a home for it and support it, but the mother supports it without his request he is not liable to her for such support. (Annot., 69 A.L.R. 2d 203 (1960); 24 Am. Jur. 2d *Divorce and Separation* §857 (1966).) Likewise it has been held that a father who has not been deprived by any court of the right to the custody of his children will not be compelled to pay an allowance for their support to their mother who is keeping them with her in the absence of any showing that he has failed to provide suitably for them, has mistreated them or neglected them or is unwilling or unable to maintain them suitably in his own home. (59 Am. Jur. 2d *Parent and Child* §73 (1971).) Thus, it was held in *Harding v. Harding* (1892), 144 Ill. 588, that it was error for the court to make an order for an allowance to a wife for the support of her minor children, in the absence of a court order giving her their custody, although her income was insufficient for their adequate maintenance according to their station in life, the father being guilty of no neglect of them and being amply willing to support them in their own home. As it concluded at 144 Ill. 588, 604, "[i]f the appellant desires to retain the custody of these daughters, she should maintain them until she can procure an order of the court committing them to her custody." The plaintiff was unsuccessful in her attempt to get such an order here.

Likewise in *Coolidge v. Coolidge* (1957), 13 Ill. App. 2d 170, 141 N.E.2d 636, the court following *Harding* refused to award support payments retroactively for the period in which the children lived with the plaintiff without the benefit of an order giving her the right of custody. And in *People v. Shine* (1933), 271 Ill. App. 479, the court

denied a dependency petition where the father was willing to support the children in his own home but the mother removed them from it. ■■ It is clear therefore that the courts do not quickly award child support to a mother who having no legal right to custody takes the child from the father who has the right to look after and maintain the child in his own home. Furthermore the equities in this action are with the defendant. Debra has wilfully left her father's house to avoid his supervision and control yet she wants his support. The plaintiff encourages this disobedience by her actions.

The plaintiff relies on the case of *Elble v. Elble* (1968), 100 Ill. App. 2d 221, 241 N.E.2d 328, where the court allowed the award of child support under similar circumstances. This case is not in point since it was merely affirming the trial court's determination, not reversing it as the plaintiff would have us do here. As we stated previously, a reviewing court will not interfere with the trial court's exercise of its discretion unless manifest injustice has been done. We find none here.

Accordingly, the judgment is affirmed.

Affirmed.

GUILD, P. J., and SEIDENFELD, J., concur.