JACQUELINE MATTHEWS, Plaintiff-Appellee, *v.* ARTHUR R. MATTHEWS, JR., Defendant-Appellant.

First District  Nos. 61822-23 cons.

Opinion filed October 15, 1976.

Mahoney and McArdle, Chartered, of Chicago (Michael J. McArdle and Arthur R. Matthews, Jr., *pro se*, of counsel), for appellant.

Harry S. Miller, of Chicago, for appellee.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

This is an appeal by the defendant Arthur R. Matthews, Jr., from post-decretal orders entered by the Circuit Court of Cook County, following a divorce decree entered as between the parties.

The parties to this cause were divorced by a decree entered on September 25, 1970. On October 11, 1974, an order was entered awarding to plaintiff and defendant the joint custody, education and control of four minor children of the parties. On October 29, 1974, plaintiff filed petitions in the Circuit Court of Cook County seeking reasonable child support and reasonable attorney's fees in connection with the child custody proceedings. Thereafter, defendant filed a petition seeking reasonable child support from plaintiff. After the evidentiary hearings had been conducted on the petitions, the trial court ordered defendant to pay plaintiff $100 per week child support during plaintiff's 50-day summer visitation with the children, to pay all medical and parochial school expenses of the children, to pay attorney's fees of plaintiff in the sum of $2,500, and to pay $200 to Saks Fifth Avenue, on a bill to such organization. The trial court denied defendant's petition for child support.

Defendant filed notice of appeal from the orders referred to on December 31, 1974. On January 24, 1975, defendant was ordered, in the Circuit Court of Cook County, to pay plaintiff $750 for attorney's fees for the defense of defendant's appeal in conjunction with the orders referred to, which arose in case No. 61822. The appeal from the order to pay the $750 for attorney's fees for defense of defendant's appeal is noted as case No. 61823.

On June 12, 1970, plaintiff filed a complaint for divorce as against defendant. Service was had by publication. On September 25, 1970, a decree of divorce by default was entered in that cause. The decree reserved all questions relating to child support, alimony, attorney's fees and all other matters relating to the settlement of property for further order of the court. The four minor children of the parties were, at the time the decree was entered, in the actual custody of plaintiff.

The decree of divorce referred to was vacated on April 11, 1973, on the ground that the decree was based on a false affidavit for service by

publication. On May 4, 1973, plaintiff filed a petition to vacate the order of April 11, 1973. Plaintiff voluntarily transferred custody of the parties' children to defendant on May 10, 1973. On June 22, 1973, an agreed order reinstating the decree of divorce was entered. On June 22, the trial court by order, provided that the children be allowed to reside with defendant until September 7, 1973, at which time arrangements regarding care, custody and control of the children were to be reviewed by the court. The June 22 order further provided for a lump sum settlement in lieu of alimony and for a payment of $600 to Harry Miller, attorney for plaintiff, as attorney's fees for the original divorce proceedings and the post decree proceedings. In September, 1973, the parties' children were interviewed by the court, but no change was made in the custody arrangements.

On January 18, 1974, plaintiff filed a petition alleging that the custody review, as reserved in the June 22, 1973 order, was never had, and prayed therein that the court enter an order awarding custody of the four children to plaintiff. On February 15, 1974, defendant responded with a petition for an order awarding permanent custody of the children to defendant.

On April 5, 1974, plaintiff filed a petition to "Correct Scrivener's Error," alleging that a provision awarding permanent custody of the parties' children to plaintiff was omitted, due to scrivener's error, from the September 25, 1970, decree of divorce. On that same day, an order was entered correcting this alleged scrivener's error. On May 6, 1974, defendant filed a petition to vacate the April 5 order.

Evidentiary hearings on the custody issue were held on various dates between April 8, 1974, and September 16, 1974. On October 11, 1974, an order was entered in the trial court awarding the care, custody, control and education of the four children to plaintiff and defendant jointly. Under this order, the children were to continue to reside with defendant. Plaintiff was given liberal visitation rights, and was to have custody of the children during vacations, including the summer months.

On October 29, 1974, plaintiff filed petitions requesting that defendant be ordered to pay reasonable child support and reasonable attorney's fees for the child custody proceedings. Defendant responded with a petition for an order for child support from plaintiff. Evidentiary hearings on the issues of these petitions were held on November 20, 1974. The evidence disclosed that plaintiff's monthly salary as a court reporter is $1,000 gross, or $702 net. Plaintiff earns an additional $33 per month typing transcripts. Plaintiff's total net income per month is $735. Plaintiff owes $3,000 on an Illinois Guaranteed Loan, on which she pays $100 per month. Plaintiff's current rent was $75 per month, at the time, but plaintiff had made plans to move to a larger apartment which would accommodate the children during their stays with plaintiff. The rent at the new apartment would be

$375 per month. Plaintiff also owed her father $3,600, but no repayment schedule was fixed for this debt. Plaintiff has a food bill of $200 per month and car expenses of $15 to $25 per month.

Defendant testified at the hearing that he earned a salary of $1,228 net per month as a research attorney with the appellate research staff for the State of Illinois. Defendant testified to owning assets of a home being purchased on a contract for deed, a $27 bank account, and a checking account with a modest balance. Defendant also testified that he had filed a disbursements plan in Federal Court under chapter XIII of the Bankruptcy Laws. Under such plan, defendant paid $300 per month to creditors. Defendant testified to monthly expenses totaling in excess of $2,000.

Following this evidentiary hearing, an order was entered on December 5, 1974, ordering defendant to pay child support of $100 per week during the children's 50-day summer visitation with plaintiff, to pay all ordinary and extraordinary medical expenses and all tuition expenses for parochial school education for the children, to pay the sum of $200 to Saks Fifth Avenue, and to pay Harry Miller the sum of $2,500 as attorney's fees for plaintiff for legal services in connection with the custody petitions. On January 24, 1975, the December 5 order was modified, by order of the court, to include findings that defendant is financially able to pay all of the ordered allowances and that plaintiff is financially unable to pay for such expenses.

On December 31, 1974, defendant filed notice of appeal from the December 5, 1974, order and also moved for leave to prosecute the appeal as a poor person. On January 3, 1975, plaintiff moved for an award allowing her attorney's fees for the defense of the appeal. On January 24, 1975, an order of the trial court was entered finding that plaintiff was unable to pay for the defense of the appeal and that defendant was financially able to pay for the costs of the appeal, and ordered defendant to pay $750 to plaintiff as attorney's fees for the defense of the appeal. The court also, rather inconsistently, granted defendant leave to prosecute the appeal as a poor person.

On appeal in this court, defendant assigns error to the action of the court in denying defendant's petition for child support from plaintiff and in requiring defendant to pay plaintiff $100 per week as child support during plaintiff's 50-day summer visitation with his children, and requiring defendant to pay all ordinary and extraordinary medical and parochial school expenses of the children. Defendant also asserts that the trial court abused its discretion in requiring defendant to pay plaintiff's attorney's fees in the amount of $2,500 and the $200 bill to Saks Fifth Avenue, as well as the order relating to attorney's fees for the defense of the appeal now involved in this court. The defendant also contends that

the trial court erred in refusing to admit and consider defendant's exhibit entitled "Affidavit of Financial Circumstance."

■■ In considering the first issue raised by defendant, we note that the determination of the amounts of child support awards lies within the sound discretion of the trial court and normally its decision will not be set aside unless it is contrary to the manifest weight of the evidence. (*Sandberg v. Sandberg* (1st Dist. 1973), 11 Ill. App. 3d 495, 500.) The financial responsibility for the support of children of divorced parents is the joint and several obligation of each parent. The amount of child support to be assessed against each parent is to be determined by the facts and circumstances in each case and the failure to properly consider such circumstances of either divorced parent in determining the amount of child support is considered to be an abuse of discretion, and such child support order if not sustained by the record will be set aside. *Hursh v. Hursh* (1st Dist. 1975), 26 Ill. App. 3d 947.

We note that the trial court heard much evidence with regard to the issues of child support and custody. Plaintiff testified to having a net monthly income of $735 and monthly expenses of approximately $690. Defendant testified to having a net monthly income of $1,228 and monthly expenses exceeding $2,000. The testimony of both parties was uncontradicted. The trial court, in the December 5, 1974, order, as amended January 24, 1975, found on this evidence that plaintiff was financially unable to pay certain expenses and that defendant was financially able to pay those expenses. The order recites the net gross salary of defendant upon which the order was based but does not recite the amount of expenses of defendant and does not, even in denying defendant's petition for child support, contain any mention of the salary of plaintiff upon which the order is based. In an order entered on January 24, 1975, apparently without any further evidentiary hearings, the court allowed defendant leave to bring this appeal as a poor person, while at the same time finding defendant financially able to play plaintiff's attorney's fees for this appeal. These findings of the trial court are sufficiently inconsistent to motivate us to conclude that the trial court abused its discretion in entering such order.

■■ In a post-decree divorce matter, the trial court, in its discretion, has the right to allow reasonable attorney's fees to a party, for the purpose of enforcing that party's rights under the divorce decree, where the party has no means to pay the fees. (*Neeland v. Neeland* (3d Dist. 1974), 17 Ill. App. 3d 803.) For the allowance of such fees, the party seeking the fees must show financial inability to pay the fees and the financial ability of the opposing party to pay such fees. (*Jones v. Jones* (1st Dist. 1964), 48 Ill. App. 2d 232.) In determining whether an allowance of fees is proper, the

cause which precipitated the judicial proceedings at hand must be considered. Where the party upon whom the obligation to pay the fees is to be imposed has done nothing which necessitated judicial action, the allowance of fees is normally considered to be erroneous. *Kuhns v. Kuhns* (1st Dist. 1972), 7 Ill. App. 3d 884.

In the instant case, we find the same weaknesses to which we have referred, which are shown in the record and relate to the findings by the trial court of financial ability with respect to child support. The child custody proceedings, for which the attorney's fees were allowed, are part of a long and sometimes involved litigation between the parties. Viewed most favorably towards plaintiff, these proceedings were started in January 1974 because the custody proceedings of September 1973 were never proceeded with. These proceedings cannot be considered to have been truly caused by defendant. The reasonableness of the attorney's fees sought was not sufficiently established. Plaintiff's attorney requested fees of $6,000, but this request was substantiated only by an affidavit stating conclusions relating to the time spent by the attorney. Defendant indicated that he desired a more accurate statement of the work performed, but such statement was never provided. The sum of $2,500 is apparently a "reasonable" sum set by the trial court. Defendant, however, was entitled to have the specifics given to him in this case but never received any indication as to the nature of services other than the fact that he did represent the plaintiff in the action.

We note also that the Saks bill had apparently been discharged with respect to defendant by the failure of the Saks Company to file a claim in defendant's bankruptcy proceedings. The Saks bill was $380 and the trial court in this case asked defendant to pay the bill, notwithstanding, in the words of the trial court, that the bill was one which defendant "was not obligated to pay." Defendant, in view of his financial limitations, stated that he refused to pay. The trial court then ordered defendant to pay. There is no basis upon which we can indicate that the order was entered with consideration of the actual financial limitations of the parties. An order which is entered in spite of the apparent impossibility of compliance could not resolve any disputes between the parties.

We consider, also, the order requiring defendant to pay plaintiff's attorney's fees for the defense of the appeal in General No. 61822. The only authority for allowing attorney's fees on appeal in the divorce matter is found in section 15 of the Divorce Act. Ill. Rev. Stat. 1975, ch. 40, par. 16.

That section does not authorize the allowance of attorney's fees to either side in an appeal from a post-decretal order. (*Hall v. Hall* (1st Dist. 1975), 25 Ill. App. 3d 524.) Although the *Hall* language implies that fees

could be allowed for the defense of an appeal, we do not believe that the procedure resulting in the order in this case should justify such allowance, in view of the record.

On the other issue of refusal to admit and consider defendant's exhibit entitled "Affidavit of Financial Circumstance," we note that defendant prepared, for the hearings below, a 39-page "Affidavit of Financial Circumstance." This affidavit was denied admission by the trial court on the ground that it was a self-serving statement and contained a number of conclusions. The affidavit is reproduced in the record as part of defendant's motion for leave to sue as a poor person. In view of our disposition of the appeal in this cause, the only observation we make as to the affidavit is that defendant should be prepared to establish his financial situation by testimony subject to cross-examination.

■■ ■ We have particularly noted that this case has involved extraordinary litigation which can be discerned from the proceedings in the trial court, which we are now reviewing, as well as in defendant's bankruptcy proceeding. Defendant, at one time, pressed contempt charges in Federal court against plaintiff and her attorney to the extent of filing a petition for writ of certiorari in the United States Supreme Court. The proceedings have been protracted and unreasonably extended. We conclude, from what we have reviewed, that the trial court, on the basis of the record, abused its discretion in entering certain decretal orders directing defendant to pay plaintiff $100 per week as "child support" during the plaintiff's 50-day summer visitation with the four minor children; to pay plaintiff's attorney $2,500 in fees; to pay $200 to Saks Fifth Avenue; and to pay $750 for the defense of this appeal from a post-decretal order. The trial court obviously was in error in preventing defendant from ascertaining the specific basis for attorney's fees for services which were claimed to have been performed for plaintiff and the court was also in error in the inconsistent findings as to defendant in concluding that defendant deserved to be treated as a poor person to avoid payment of filing fees and at the same time directed to pay substantial sums in the proceeding. Because of procedural errors, the record contains no definitive showing of defendant's actual financial condition. We, therefore, conclude that this cause should be reversed and remanded for retrial.

Reversed and remanded.

STOUDER and BARRY, JJ., concur.