THERESA L. SWANSON, Plaintiff-Appellant, *v.* RICHARD A. SWANSON, Defendant-Appellee.

Third District   No. 77-38

Opinion filed August 31, 1977.

ALLOY, P. J., dissenting.

Barry M. Barash, of Barash & Stoerzbach, of Galesburg, for appellant.

John J. Blake, of Nelson, Gustafson & Blake, of Galesburg, for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

This is an appeal by the plaintiff, Theresa L. Swanson, from a post-decretal order entered by the Circuit Court of Knox County. That order denied the plaintiff's petition to modify a divorce decree, entered January 9, 1974, as to the amount of child support and granted the petition of the defendant, Richard A. Swanson, to modify the divorce decree. As a result, the trial court set the child support at $180 to be paid on alternate Thursdays and, thereby, eliminated the provision in the divorce decree which stated, in relevant part:

"The father shall pay to the mother, for child support, the sum of $150.00 on alternate Thursdays. * * * If the father's gross income increases, support shall increase proportionately."

The plaintiff now appeals.

■■■ The defendant contends that the modification was justified by the increase in the plaintiff's income. There is no question that the trial court has the power to modify child support provisions of a divorce decree if the modification is shown to be necessary by changes in the conditions and circumstances of the parties occurring subsequent to the divorce decree. (*Edwards v. Edwards* (4th Dist. 1970), 125 Ill. App. 2d 91, 259 N.E.2d 820.) Just as in initially determining the amount of support, the facts to be considered by the trial court in modifying the support provisions of a divorce decree include the ages of the parties, their condition of health, the property and income of the mother, the property and income of the father, and the station in life of the parties. (See *Knox v. Knox* (1st Dist. 1975), 31 Ill. App. 3d 816, 334 N.E.2d 891.) Once the trial court has exercised its discretion and ordered a modification, the order will not be disturbed on review, absent an abuse of discretion. *Edwards v. Edwards* (4th Dist. 1970), 125 Ill. App. 2d 91, 259 N.E.2d 820.

■■■ We believe there has been an abuse of discretion in this case. Since the amount of child support is to be determined "by accomodating the needs of the children with the available means of the parties" (*Knox v.*

*Knox* (1st Dist. 1975), 31 Ill. App. 3d 816, 823, 334 N.E.2d 891, 897), and since increased needs of the children may be presumed from the facts that the children have grown older and the cost of living has risen (*Addington v. Addington* (1st Dist. 1977), 48 Ill. App. 3d 859, 363 N.E.2d 151), the provision in the divorce decree allowing the amount of support to increase proportionately with the father's gross income was a reasonable attempt to ensure that the support of the children be continually interrelated with the ability of the father to contribute to their support. This must have also been what the defendant contemplated, for, even though he was present in person and by his attorney at the divorce proceeding, he did not object to the inclusion of this provision in the decree.

■■  Although this provision is not as clearly defined as it could be (see *Arthur v. Arthur* (1956), 147 Cal. App. 2d 252, 305 P.2d 171), the history of this case has lent definition to the provision. On February 28, 1975, the trial court modified the divorce decree by increasing support payments from $150 to $163 because, as the parties stipulated, the defendant's gross income increased in 1974 to be 108.7% of his 1973 gross income. From this earlier conduct of the parties, and the court, it appears the increase of the support payments was intended to be based on gross income of the defendant in the previous year. From this, we conclude that the trial court, erred when, in determining child support for 1976, it considered what the defendant had earned in 1976. Based upon the defendant's gross income for the calendar year 1975, the plaintiff's petition sought to increase the child-support payment to $180.46 biweekly, commencing on January 1, 1976. The reasonableness of this request is seen when it is compared to the $180 biweekly support which the court actually ordered. Considering the defendant's earnings for the calendar year 1976, as the trial court did, the application of those earnings to the formula would have resulted in biweekly support payments of $210. This $210 biweekly payment schedule would be applicable to the calendar year 1977 under the automatic increase formula, if the plaintiff requested the increase for 1977. As a result, we can only conclude that the trial court abused its discretion in modifying the divorce decree so as to unnecessarily eliminate the provision allowing for an increase in child support payments proportionate to an increase in the defendant's gross income.

■■  The last issue raised by the plaintiff is whether the support payments for 1976 should be made retroactive to January 1, 1976. Although this divorce decree is not self-executing and requires enforcement by court order, there is nothing in the record which indicates that the support payments should not have been made effective as of January 1, 1976. Since the support payments are based on the defendant's gross income for the previous year, it is obvious that the gross income of

the defendant is established by midnight on December 31 in the preceding year. Nevertheless, it is also obvious that the computation of the defendant's gross income is generally not completed, and the materials for computation are not available, until he files his income tax returns. We do not believe that the ability of the plaintiff to receive increased support for the children should be dependent upon when the defendant files for income tax purposes or whether he seeks an extension of time for filing.

Accordingly, the order of the Circuit Court of Knox County is vacated and the cause is remanded for a redetermination of child support payments not inconsistent with this opinion.

Vacated and remanded.

STOUDER, J., concurs.

Mr. PRESIDING JUSTICE ALLOY, dissenting:

I cannot agree with my colleagues that the trial court abused its discretion in not adhering rigidly to the provision of the original decree which measured increased support money solely by increase in the defendant's gross income and not in any manner by the increase in plaintiff's gross income.

On January 9, 1974, a decree of divorce as between the parties to this cause was entered by the Circuit Court of Knox County. That decree provided, in part:

> "The father (defendant) shall pay to the mother (plaintiff), for child support, the sum of $150.00 on alternate Thursdays. * * * If the father's (defendant's) gross income increases, support shall increase proportionally."

On February 28, 1975, the circuit court ordered, on stipulation of the parties, that due to an increase in defendant's gross salary the child support be increased to $163 (to be paid on alternate Thursdays). It appears, also, that in early 1976, defendant began to pay $175 biweekly as child support. On May 5, 1976, plaintiff filed a petition to fix the amount of child support for 1976, and alleged in the petition that due to increases in defendant's salary, child support should increase to $180.46, payable on alternate Thursdays. Defendant filed, on May 17, 1976, a petition to modify the decree of divorce, alleging that since the entry of the decree plaintiff's income had increased substantially.

On June 30, 1976, the trial court held a hearing on plaintiff's and defendant's petitions. The evidence established that while defendant's income was increased, plaintiff's income was also increased from 1973 in the sum of $5,323.46 to $9,420 per year, as of June 30, 1976.

By order entered December 15, 1976, the trial court granted defendant's petition for modification of the decree of divorce so that increases in payments would not be measured solely by increases in defendant's income. The court directed defendant to pay to plaintiff, as child support, the sum requested by plaintiff of $180 on alternate Thursdays, beginning on December 9, 1976, and also provided that all provisions (other than the proportionate increase provision) of the original decree remain in full force and effect.

Plaintiff first argues that a provision in the divorce decree for automatic increases in child support should be rigidly enforced, and that the trial court erred in failing to adhere to that provision in the original decree of divorce which provided for increases in child support measured only by increases in defendant's salary. Plaintiff, however, did not cite any precedent in Illinois supporting her contention. Plaintiff's petition to fix child support was heard in the trial court concurrently with defendant's petition for a modification of the divorce decree. As I note later in the course of this dissent, no support is shown for plaintiff's contention that the court had no power to modify the proportionate increase provision.

Plaintiff argues that the trial court erred by granting defendant's petition to modify the divorce decree. As the court stated in *Bokhoven v. Bokhoven* (2d Dist. 1976), 35 Ill. App. 3d 720, 722, 342 N.E.2d 399:

> "* * * the modification of provisions for the payment of child support rests in the sound discretion of the court and a reviewing court will not interfere with the exercise of such discretion in the absence of its abuse (*Scalfaro v. Scalfaro* (1970), 123 Ill. App. 2d 23, 259 N.E.2d 644), or unless manifest injustice has been done (*Miezio v. Miezio* (1955), 6 Ill. 2d 469, 129 N.E.2d 20)."

At the hearing in the instant case, the evidence established that the incomes of both plaintiff and defendant had increased substantially since the entry of the decree of divorce. The court properly considered the increased income of both the father and the mother. As was stated in *Matthews v. Matthews* (1st Dist. 1976), 42 Ill. App. 3d 1049, 1053, 356 N.E.2d 1083:

> "The financial responsibility for the support of children of divorced parents is the joint and several obligation of each parent. The amount of child support to be assessed against each parent is to be determined by the facts and circumstances in each case and the failure to properly consider such circumstances of either divorced parent in determining the amount of child support is considered to be an abuse of discretion, and such child support order if not sustained by the record will be set aside. *Hursh v. Hursh* (1st Dist. 1975), 26 Ill. App. 3d 947."

Thus, it is clear that the trial court, in ruling on the petition filed in this

cause, was required to consider the financial circumstances of both plaintiff and defendant. The trial court apparently concluded that, due to the material change of circumstances of the parties because of increasing incomes, the rigid provision as to child support in the original decree was no longer appropriate and should be replaced at this time by support payments giving consideration to incomes of both parents. The decree actually granted plaintiff the amount she requested in the sum of $180 biweekly. I believe that the trial court acted properly within its discretion in granting the modification of the child support provision, and that no manifest injustice has been done by the trial court's order which abandoned the provision measuring increases only by defendant's increase of income and giving no consideration to plaintiff's increased income.

I believe, therefore, that the increase in defendant's income, as well as the increase in the plaintiff's income, should both be considered in determining the amount of support payments to be paid by defendant. The discretion and authority of the court should not be limited by the provisions of the decree which sought to measure increased payments solely by defendant's increase in income.

I note, however, that plaintiff, in the petition for increased payments of support money, had requested the payment of $180 biweekly commencing as of January 1, 1976. There is nothing in the record which indicates that the request, in view of the ultimate determination of the court, should not have been made effective as of January 1, 1976, rather than on December 9, 1976, as provided in the order of the court. The petition was filed in this cause in May 1976, and the ultimate order was not entered until December 15, 1976. The record also shows that defendant had begun payments of $175 biweekly in the early part of 1976. On the basis of the record, therefore, I believe that the order of the court specifying the $180 payments every two weeks should be modified to provide that such payments should become effective as of January 1, 1976, and to continue thereafter until further order of the court.

I believe that with the exception of the modification to make $180 biweekly payments effective as of January 1, 1976, the judgment of the Circuit Court of Knox County should be affirmed.