WILLIAM D. WESTERBERG, Plaintiff-Respondent-Appellant, *v.* LEONA WESTERBERG STEPHENS, Defendant-Petitioner-Appellee.

Second District   No. 78-184

Opinion filed September 7, 1979.

Robert P. Sheridan, Burton Sapoznick, and Jay D. Freidin, all of Chicago, for appellant.

Gary L. Taylor, of Rathje, Woodward, Dyer & Burt, of Wheaton, for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Acting on a post-decretal petition of Leona Westerberg Stephens, the trial court ordered the respondent, William D. Westerberg, to pay increased child support and to pay additional educational expenses. The husband appeals. We conclude that the judgment is against the manifest weight of the evidence and therefore reverse.

The divorce decree entered on December 11, 1970, incorporated the parties' agreement that the wife would have custody of the four minor children of the parties and the husband would pay $60 per week for their support. On January 3, 1975, the support was increased to $17.50 per week per minor child amounting to a total of $70 per week. Petitioner's salary at that time was $60 per week. On September 1, 1977, petitioner filed this petition seeking an increase in her support. The husband testified that his present salary is $9.65 an hour and that in 1976 he earned $19,600. The parties have agreed in oral argument that the trial court's finding that the husband's weekly earnings had increased by $47.80 per week is correct. The wife testified that she is now earning $138 per week, and that her eldest son, Patrick, now age 18, is earning $55 to $58 per week net. The second son, Daniel, age 17, is earning approximately $31.50 per week gross.

Since the original divorce decree, both parties have remarried and

each has a child by the second marriage. Petitioner pays $30 per week for child care for her four-year-old daughter of her second marriage.

Petitioner testified that the children were growing and that expenses had increased by $300 to $400 per month. She further claimed that their total monthly expenses were approximately $1500. She then estimated the children's expenses at four-sevenths of $1500 for a total of $857.

On June 12, 1977, the eldest son, Patrick, turned 18 years old, and respondent reduced the support payments by $17.50 per week to a total of $52.50 per week. Patrick has graduated from high school, and is now attending Elgin Community College where the tuition is $200 per semester.

The trial court found that there had been a substantial change in circumstances since the 1975 order, that the needs of the parties' minor children had increased, that the eldest child, Patrick, was pursuing a college education, and that respondent's income had increased. Based upon these findings the trial court ordered that the child support be increased to $100 per week; that the duty to support the male children would not terminate until they reached the age of 21, the duty to support the female children at age of 18; that Patrick's support would terminate upon his emancipation and the termination of his college education; and that if Patrick takes up residency at a college away from home, the $25 attributable to educational expenses shall be paid directly to him.

■■■ There was insufficient evidence to support the trial court's finding that the intervening circumstances had substantially changed to justify a modification of support payments under section 510 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 510). Modification of provisions for the payment of child support rest in the sound discretion of the court with which we will not interfere in the absence of abuse or unless manifest injustice has been done. *Bokhoven v. Bokhoven* (1976), 35 Ill. App. 3d 720, 722.

The applicable rules have been summarized:

> "An increase in child support is justified only when the needs of the children and the earnings of the supporting parent have been increased. [Citations.] The burden of proof is on the petitioner to clearly show the increased need and increased ability to pay. [Citation.] In the absence of evidence of defendant's increased ability to pay, it has been held that inflation alone is insufficient to show a material change in circumstance in that it affects both parties [Citation], and the mere fact that the children grew older was similarly held insufficient. [Citation.] However, where defendant's increased ability to pay is demonstrated, a proper basis for establishing increased need is that since the entry of the

original support provision, the children have grown older and the cost of living has risen." (*Addington v. Addington* (1977), 48 Ill. App. 3d 859, 863.)

See also *Baker v. Baker* (1977), 53 Ill. App. 3d 186, 191-92.

■■ Petitioner did not satisfy her burden of proof on this record. The only evidence presented to the trial court supporting the husband's ability to pay an increase in child support was the increase in his salary by $47.80 per week. Her testimony on the needs of the minor children were extremely vague. She stated that the girls were growing older and that their school needs had substantially increased and she determined the needs of all of the children by computing four-sevenths of the total family expenses of $1500 per month. The $1500 was allegedly computed by adding the canceled checks for the month of September; but an examination of the figures indicates that they covered more than one month and often did not indicate the category of expenditure broken down to include the food, clothing, shelter and other necessaries. Thus the basis of the petitioner's calculation was questionable. Furthermore, the percentage method of determining expenses is particularly inadequate on this record since it does not give a sufficient basis for determining what the children actually require and consume. See *Addington v. Addington* (1977), 48 Ill. App. 3d 859, 864.

Moreover, Patrick is no longer a minor in need of support and the wife's salary has increased from $60 per week to $138 per week. And there was evidence that the two oldest sons were now working with one earning from $55 to 58 per week and the other $31.50 per week. Even giving effect to the increased age of the children, we find the judgment against the manifest weight of the evidence.

■■■ In addition, the order appealed from appears to improperly order respondent to pay child support for one of the children who is beyond the age of majority. While at the time the order was entered the age of majority for males was 21 years (Ill. Rev. Stat. 1969, ch. 3, par. 131), a later amendment to the Probate Act lowered the age of majority for males to age 18 (Ill. Rev. Stat. 1971, ch. 3, par. 131.) It is true that a line of Illinois cases have held that the phrase "minor child" is determined by examining the statute in existence at the time the order was entered. (See, *e.g.*, *Carpenter v. Carpenter* (1974), 21 Ill. App. 3d 1022, 1024.) However, a subsequent United States Supreme Court case has held with respect to the right to child support that the age discrepancy between males and females violates the equal protection clause of the fourteenth amendment. (*Stanton v. Stanton* (1975), 421 U.S. 7, 17, 43 L. Ed. 2d 688, 696, 95 S. Ct. 1373, 1379.) Thus, as Patrick's age of majority is 18 years, it was error to require payment beyond that time. (See *Munck v. Munck* (1978), 62 Ill. App. 3d 223, 225.) Of course, the amount due for child

support cannot be reduced pro rata automatically as each child reaches majority; a party directed to pay child support must obtain a court order before the payments can be reduced even though the order is phrased in terms of "minor children." *Jozwick v. Jozwick* (1979), 72 Ill. App. 3d 17, 20.

Nor can the provision for the additional educational expenses be justified pursuant to section 513 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 513.) Under this section the petitioner was not required to show "changed circumstances" but merely to show that the financial resources of both parents, the standard of living during the marriage and the financial resources of the child were such as to require a party to provide for the education of his nonminor children. (See *Singer v. Singer* (1979), 70 Ill. App. 3d 472, 474-75.) Here the record discloses that respondent's gross salary in 1976 was $19,500; his net salary approximately $1,200 per month. Out of this he was required to pay $3,640 per year in child support without considering the present increase awarded by the trial court. The mother earned $7,176 per year which, together with her child support, results in a total of $10,816 per year. In addition, Patrick earns approximately $2,928 per year net. His tuition at Elgin Community College is $200 per semester. Although petitioner testified that Patrick hoped to be able to go away to college in the future, no specific costs in this regard were presented. Since the present cost of Patrick's education could be amply covered by his own salary, the increase in the support is not justified under section 513.

For these reasons we have concluded that the increase in support cannot be justified under either section 510 or section 513 of the Illinois Marriage and Dissolution of Marriage Act. The judgment is therefore reversed.

Reversed.

LINDBERG and NASH, JJ., concur.