*In re* SUPPORT OF GAYE LYNETTE WHITNEY *et al.*, Minors.—(MARCIA WHITNEY, a/k/a Marcia Hofstetter, Petitioner-Appellant, *v.* LARRY WHITNEY, Respondent-Appellee.)

Third District  No. 80-119

Opinion filed December 5, 1980.

F. Jack Nathan, of Spector, Tappa, Kopp & Nathan, of Rock Island, for appellant.

Dorothea O'Dean and H. Reed Doughty, both of Winstein, Kavensky, Wallace & Doughty, of Rock Island, for appellee.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Marcia Hofstetter, formerly Marcia Whitney, appeals from a judgment of the circuit court denying her petition for increased child support from her former husband, Larry Whitney.

The Whitneys were divorced in 1970. They have two children. At the time of the hearing in the instant cause, Gaye Lynette Whitney was 15 years old and Gregory Scott Whitney was 11 years old. Marcia Whitney was awarded custody of both children. Since their divorce, both of the parties have remarried. The decree of the 1970 divorce ordered Larry Whitney to pay child support of $15 per week per child. In 1976, pursuant to a petition by Marcia Whitney, Larry Whitney's support obligation was increased to $20 per week per child. The order provided that "[s]aid payments shall continue until such time as 10% of defendant's gross income shall exceed $2,080.00, and at that time and until the children reach their majority, the defendant shall pay to plaintiff 10% of his gross income as child support."

It is disputed by the parties, whether the language of the order means that Larry Whitney is to pay $20 per week per child or 10% of his gross income, whichever is greater, or whether the language quoted above means that Larry Whitney is to pay $20 per week per child until his gross income for a given year reaches $20,800, after which, for the remainder of the year, he is to pay 10% of his gross income. That dispute, however, is not before the court at this time. In fact, Larry Whitney has paid 10% of his entire yearly gross income for all years in which his yearly gross income exceeded $20,800. On March 13, 1978, Marcia Whitney petitioned to have Larry Whitney's child-support obligation raised to $50 per week per child. On April 28, 1978, that prayer was denied, although the decree was modified to make Larry Whitney responsible for half of the children's uninsured medical expenses.

This appeal arises from a petition filed by the former Mrs. Whitney on December 17, 1979. In it, she again asks that support be increased to $50 per week per child. After a hearing held February 4, 1980, the court ordered the petition denied.

The petitioner's first contention on appeal is that the court erred in admitting evidence of the income of Mr. Steven Hofstetter, Marcia's present husband. Mr. Hofstetter testified that he has a gross income of $36,000 per year and pays child support of $50 per week per child for his two children from a previous marriage. In *Robin v. Robin* (1977), 45 Ill. App. 3d 365, 372, 359 N.E.2d 809, the court stated: "[T]he financial status of a divorced parent's current spouse should not be considered in determining the ability of that spouse to fulfill his or her duty to support."

■■ In the instant case, the court overruled objection to Mr. Hofstetter's testimony as to his income, because several major items of the children's expenses were computed by dividing total family expenses among the four members of the Hofstetter household (Mr. and Mrs. Hofstetter and the two children). The court, therefore, ruled Mr. Hofstetter's testimony relevant. Specifically, the court noted that one-half of the mortgage payment on the Hofstetter residence was listed as an expense of the children. Prior to the time Mr. Hofstetter testified, Marcia Hofstetter testified that her present husband had purchased their home prior to their marriage. Subsequently, the house was transferred to the Hofstetters in joint tenancy. The initial mortgage obligation on the home had been assumed by Steven Hofstetter prior to his marriage to Marcia Whitney. Subsequently, for the purposes of this petition, half of that obligation has been attributed by Marcia Hofstetter to her children. While the two children of Larry Whitney clearly benefit from the mortgage obligation initially assumed by Steven Hofstetter, the extent to which that obligation can be attributed to the children is a matter in dispute in this case. The court did not err in allowing the testimony of Steven Hofstetter for the purpose of ascertaining the respective housing expenses of the members of Steven Hofstetter's household. His income, albeit indirectly, casts some light on this issue and was not irrelevant. There is no indication in the record that Steven Hofstetter's income was considered in determining the ability of Marcia Hofstetter to fulfill her duty of support. In equity cases, it is presumed "that the chancellor considered only competent evidence * * *." (*Dowie v. Driscoll* (1903), 203 Ill. 480, 487, 68 N.E. 56.) There is nothing in the record to rebut this presumption.

■■ ■ The petitioner next contends that the court erred in admitting evidence that Larry Whitney's present wife, Linda, is unemployed because of a strike. It is clearly stated in the record that the court did consider the fact that the current Mrs. Whitney is unemployed for an indeterminate time. The testimony was not objected to, so the issue is

waived. Even were this not the case, we would find no error in the court's consideration of this evidence. The appellant again cites us to the *Robin* case (45 Ill. App. 3d 365, 372, 359 N.E.2d 809) in support of her contention. *Robin*, however, is inapposite to this issue. While it is clear that Steven Hofstetter has no obligation to support Larry Whitney's children, it is equally clear that Larry Whitney does have an obligation to support his spouse should she be in need. (Ill. Rev. Stat. 1979, ch. 40, par. 1101.) "[T]he amount of child support is to be determined 'by accommodating the needs of the children with the available means of the parties' * * *." (*Swanson v. Swanson* (1977), 51 Ill. App. 3d 999, 1000, 367 N.E.2d 512.) Linda Whitney's employment status is certainly relevant to the issue of her husband Larry's "available means."

Finally, the petitioner contends that the judgment of the court was contrary to the manifest weight of the evidence and an abuse of discretion. "For increased * * * child support to be warranted, the law requires * * * that there has been an increase in the needs of the children * * * since the time of the prior award of * * * support, and an increase in the other parent's ability to pay." (*Sullivan v. Sullivan* (1978), 57 Ill. App. 3d 958, 963, 373 N.E.2d 829.) "The threshold requirement that must be met before the court can award a modification of child support is a showing that material or substantial changes have occurred since the original decree was rendered." (*In re Sharp* (1978), 65 Ill. App. 3d 945, 947, 382 N.E.2d 1279.) "[T]he provisions of any judgment respecting * * * support may be modified * * * only upon a showing of a substantial change in circumstances." Ill. Rev. Stat. 1979, ch. 40, par. 510(a). ■■ "[I]ncreased needs of the children may be presumed from the facts that the children have grown older and the cost of living has risen." (*Swanson v. Swanson* (1977), 51 Ill. App. 3d 999, 1001, 367 N.E.2d 512.) However, the amount of the increase is a matter of fact to be determined by the trial judge.

Prior to the instant proceedings, the issues of the children's needs and their father's ability to pay were last determined by the court order of April 28, 1978. The parties have stipulated that in 1978, the gross income of Marcia Whitney was $15,680.73 or 63% of Larry Whitney's gross income of $24,925.78. It is further stipulated that Larry Whitney's gross income grew to $31,297.12 in 1979, but that he expected no further increase in income for 1980. In 1979, Marcia's gross income was $18,277.36, and her projected income for 1980 is $19,680. Thus, for 1980, Marcia's projected income is still about 63% of that projected for Larry. Between 1978 and 1980, Larry's income will have grown by $6,371.34 or 25.6% over his 1978 gross income. This averages to an annual increase of 12.78%. Between 1978 and 1980, Marcia's income will have grown by $3,999.27 or 25.5% over her 1978 gross income. This averages to an annual increase of 12.75%.

It is clear that the proportional gross incomes of the parties has remained virtually identical since the entrance of the 1978 decree. The support decree currently in effect provides for child support based upon a percentage of the father's gross income. Therefore, the decree is flexible and will automatically increase support payments as Larry Whitney's income increases. "[T]he provision in the [support] decree allowing the amount of support to increase proportionately with the father's gross income was a reasonable attempt to ensure that the support of the children be continually interrelated with the ability of the father to contribute to their support." *Swanson v. Swanson* (1977), 51 Ill. App. 3d 999, 1001, 367 N.E.2d 512.

"[T]he modification of provisions for the payment of child support rests in the sound discretion of the court and a reviewing court will not interfere with the exercise of such discretion in the absence of its abuse [citation], or unless manifest injustice has been done." (*Bokhoven v. Bokhoven* (1976), 35 Ill. App. 3d 720, 722, 342 N.E.2d 399.) As there is no showing of a substantial change in the father's ability to pay not already provided for by the flexible terms of the support decree now in effect, we find no abuse of discretion by the trial court in its denial of this petition.

Therefore, the judgment of the Circuit Court of Rock Island County is affirmed.

Affirmed.

SCOTT and BARRY, JJ., concur.